RANGE OIL SUPPLY COMPANY, a Minnesota Corporation, Appellant,

v.

CHICAGO, ROCK ISLAND AND PACIFIC RAILROAD COMPANY, Appellee.

No. 15761.

United States Court of Appeals
Eighth Circuit.

Oct. 14, 1957.

478

A. Gordon Rosenmeier, Little Falls, Minn., for appellant.

Philip Stringer, St. Paul, Minn. (R. O. Sullivan, Arthur J. Donnelly and R. Paul Sharood, St. Paul, Minn., were with him on the brief), for appellee.

Before GARDNER, Chief Judge, and JOHNSEN and VOGEL, Circuit Judges.

GARDNER, Chief Judge.

This appeal is from an order of the trial court which affirmed the findings and order of the Minnesota Railroad and Warehouse Commission in a proceeding initiated before that Commission by appellant Range Oil Supply Company seeking an order setting aside certain right of way property, hereinafter described, owned by appellee Chicago, Rock Island and Pacific Railroad Company, for use by Range Oil Supply Company as a site for a public warehouse. In this proceeding the Commission dismissed the complaint holding among other things that:

"It does not appear that the plaintiff will make any different use of the site sought than it has in the past, and it appears that the past use has been for private purposes only. * * * The property is not being used * * * for public use."

Thereupon appellant, pursuant to statutes of the State of Minnesota, M.S.A. §§ 216.24 and 216.25, appealed to the state District Court for Hennepin County, Minnesota. Before any action had been taken by the state District Court, however, the action was removed by appellee to the United States District Court for the District of Minnesota on the ground of diversity of citizenship, the requisite jurisdictional amount being involved. Appellant filed a motion to remand the case to the state court, which motion was in due course denied. In the trial court appellant attacked the order, rulings and findings of the Commission as unlawful and unreasonable. The case was by stipulation of counsel for the respective parties submitted on the record made before the Minnesota Railroad and Warehouse Commission. On consideration of the record as so submitted the trial court concluded that the findings and order of the Commission were lawful and reasonable and thereupon entered an order affirming the findings and order of the Commission. From the final order so entered appellant seeks reversal on the following grounds: (1) the court erred in denying appellant's motion to remand to the state district court, (2) the court erred in failing and refusing to rule that the order of the Minnesota Railroad and Warehouse Commission was unlawful and unreasonable, (3) the court and Commission erred in excluding the evidence relating to Liquid Storage, Inc. and (4) the court erred in upholding the Commission's "finding" that the property would not be put to a public use.

As above noted, after the proceeding had, pursuant to Minnesota statutes, Minn.Stat.Annotated, Secs. 216.24 and 216.25, been appealed to the state District Court appellee removed the case to the Federal court on the ground that diversity of citizenship existed between the parties and the amount in controversy exceeded in value $3,000. Appellant on its motion to remand contended in the trial court, and it renews its contention here, that the action was not removable because it did not constitute a civil action within the meaning of the removal statute, Sec. 1441(a), Title 28 U.S.C.A., and that the amount in controversy did not exceed $3,000. Appellee was the prevailing party before the Commission and it did not seek to review the order as entered but sought only to sustain it. When the proceeding was appealed to the state court it became an action and as there was diversity of citizenship was removable if the value or amount in controversy exceeded $3,000. The trial court held that the test of the

jurisdictional amount was the value of the use of the property of which the appellee might be deprived by the appellant's action and that "The value of the exclusive use of this land, for what may well be an indeterminable length of time, is well over the requisite jurisdictional amount, although such value may be incapable of precise measurement." Appellant does not seriously dispute this holding of the trial court but insists that the proceeding in the state court was not a civil action of which the United States District Court for the District of Minnesota had original jurisdiction. When appellant appealed to the state District Court it in effect began a civil suit in which it sought to have the court hold that the order under review was unlawful and unreasonable. Appellant was the aggressor and it alone sought relief from the order of the Commission. At this stage of the proceeding it became a civil action and as the jurisdictional requisites existed it was removable to the Federal court. In re Chicago, M., St. P. & P. R. Co., D.C.Minn., 50 F.2d 430; Chicago, R. I. & P. R. Co. v. Stude, 346 U.S. 574, 74 S.Ct. 290, 98 L.Ed. 317. In re Chicago, M., St. P. & P. R. Co., supra, the text of the Minnesota statutes relating to appeals from orders of the Commission was identical with those involved in the instant case and the court had occasion to consider whether or not on appeal to the state court a civil action was initiated. In denying a motion to remand the court there said, inter alia:

"When the city appealed, it initiated a civil suit, and questioned the validity and reasonableness of the order of the commission, and required the railroads to defend that order. It sought to take away the rights which the order would have given them if left undisturbed. The city assumed the burden of establishing the invalidity of the order." [50 F.2d 434.]

The procedure here involved is similar in many respects to that applicable in condemnation cases. In the latter class of cases the rule is succinctly stated by Lewis on Eminent Domain, Vol. 2, Sec. 513, as follows:

"It may also be regarded as settled that a condemnation proceeding pending in the State courts, whether by appeal from commissioners or otherwise, may be removed to the federal court of the proper district when a proper case is made out."

But it is said the case is not removable because the Federal court did not have *original* jurisdiction. Of course, prior to removal the Federal court does not have original jurisdiction in any action pending in a state court and manifestly, the reference in Sec. 1441(a), Title 28 U.S.C.A., is to the general jurisdiction of Federal courts. General Inv. Co. v. Lake Shore Ry., 260 U.S. 261, 43 S.Ct. 106, 67 L.Ed. 244; Enger v. Northern Finance Corporation, D.C.Minn., 31 F.2d 136. The phrase "original jurisdiction" as used in Sec. 1441(a), Title 28 U.S. C.A., is and can only be a direct reference to Sec. 1332(a) and Sec. 1331, Title 28 U.S.C.A. both of which are declarations that the United States District Courts shall have original jurisdiction in the cases enumerated. The three requisites which are applicable to the situation here under Sec. 1332(a), Title 28 U.S. C.A. are: (1) the controversy is a civil action, (2) diversity of citizenship and (3) the amount in controversy exceeding $3,000. All these requisites are present here. We conclude that the court properly retained jurisdiction of the case.

It is next urged that the court erred in not holding that the order of the Commission was unlawful and unreasonable.

The property here involved is a tract of land in downtown Minneapolis, 100 x 132½ feet in area and located in the appellee's freight house area adjacent to one of its tracks. The property is in a highly developed industrial and commercial area close to downtown Minneapolis. In 1940 appellee Rock Island Railroad leased this property to appellant Range Oil Supply Company by written lease, limiting the use of the property exclusively to the storage of gasoline. Notwithstanding this limitation in the

lease appellant had been running a retail filling station on the premises and had installed all the facilities that normally go with a station and had set up petroleum tanks principally used to store not only gasoline but fuel oil. In September of 1954 appellee Rock Island gave notice of termination of the lease but appellant Range Oil continued in possession of the premises until May of 1955 when Rock Island commenced an action for forcible entry and unlawful detainer in the state court. Range Oil Supply Company pleaded guilty in this action and judgment of restitution to Rock Island was entered but execution was stayed pending outcome of the proceeding then before the Railroad and Warehouse Commission. It clearly appears that under the lease appellant was engaged in a strictly private business. The Commission, among other things, found:

"It does not appear that the plaintiff will make any different use of the site sought than it has in the past, and it appears that the past use has been for private purposes only. * * * The property is not being used * * * for public use."

The Commission is a fact finding body and its findings are presumptively correct. The court made the same finding and this finding of fact should not be set aside unless clearly erroneous. Rule 52(a), Fed.Rules Civ.Proc., 28 U.S.C.A. A review of the testimony convinces that this finding is abundantly sustained by the evidence. The function of a court reviewing an order of the Commission is much the same as its function in reviewing the verdict of a jury or the findings of the judge sitting in a jury-waived case. State v. Northern Pac. Ry. Co., 229 Minn. 312, 39 N.W. 2d 752. The Commission and the court found the property was not being taken for a public use. It could not lawfully be taken for private use. The court, based upon the record, found that the order of the Commission was not unlawful nor unreasonable. This was the sole function of the court and having found

that the order was not unlawful nor unreasonable it necessarily follows that the court was correct in affirming the findings and order of the Commission. State v. Great Northern Ry. Co., 130 Minn. 57, 153 N.W. 247; Northern Pac. Ry. Co. v. Village of Rush City, 230 Minn. 144, 40 N.W.2d 886; State v. Northern Pac. Ry. Co., supra; Northern Pacific Railway Company v. City of Duluth, 243 Minn. 84, 67 N.W.2d 635.

It is urged that the court erred in approving the ruling of the Commission excluding testimony with reference to Liquid Storage, Inc. This was an affiliate or subsidiary of appellant and it was sought to prove that the appellant was seeking the site for this affiliate or subsidiary, it being a licensed public warehouseman. It was not a party to the proceeding before the Commission. It was not disclosed by the pleadings that the application was being made on behalf of this concern. The Commission held that the appellant was the real party in interest and excluded the testimony relating to Liquid Storage, Inc. Mr. Hacking, vice president of both Range Oil Supply Company and Liquid Storage, Inc., was the principal witness for the appellant before the Commission. He testified on cross-examination as follows:

"Q. * * * The Range Oil Company, then, would continue to store, to service their trucks that deliver fuel oil just as they have in the past and continue to service those trucks from the same property?

"A. That is right.

"Q. And there would be no change, so far as that is concerned, in the method of the Range Oil Company's operations from the property as far as you know?

"A. Well, there would be some change in it. The difference between operating from a warehouse and operating—which you don't own and operating from property that you do control.

"Q. Well now, really, all the change would amount to, Mr. Hacking is this; that instead of servicing your fuel oil delivery trucks, as you do now, and filling them from the tanks on this property that the Range Oil Company would rent storage space from your subsidiary, the Liquid Storage Company, and put its oil into the same tanks that they are using now, and dispensing the oil into the same trucks they are using now, but would pay rent to your subsidiary, the Liquid Storage Company?

"A. The term subsidiary isn't accurate.

"Q. Well, affiliated.

"A. Affiliated company. Otherwise, I would say that is essentially correct. We wouldn't have use for the entire storage facilities, even if we could take it, but we would use those facilities to load retail trucks.

"Q. And the only difference under the plan of operations which you are proposing for the Liquid Storage Inc., and what you are doing now is that other oil companies or owners of liquids would have the right to use your tanks if space existed for them for their accommodation.

"A. That is right, for warehousing facilities.

"Q. That is the only change you are contemplating from what you are doing now?

"A. That is right, and the absence, if business increased, of erecting additional storage and so on."

As observed by the trial court:

"The essence of this testimony is that the complainant would continue to operate his business under the proposed new arrangement essentially as it had done before."

Manifestly, the appellant was the real party in interest and the Commission correctly excluded evidence relating to Liquid Storage, Inc.

It is finally urged that the court erred in upholding the Commission's finding that the property would not be put to a public use. We have already referred to the finding of the Commission and the court on this point. An examination of the testimony makes it clear that the finding was a permissible one under the evidence and was properly upheld by the trial court.

The order appealed from is therefore affirmed.