STATE OF MINNESOTA, Complainant,

v.

CHICAGO AND NORTH WESTERN
RAILWAY COMPANY,
Defendant.

Nos. 4–58 Civ. 423, 429.

United States District Court
D. Minnesota,
Fourth Division.

Dec. 29, 1958.

Sidney J. Kaplan, of Maslon, Kaplan, Edelman, Joseph & Borman, Minneapolis, Minn., appeared in behalf of appellants.

Philip Stringer, of Sullivan, Stringer, Donnelly & Sharood, St. Paul, Minn., appeared in behalf of defendant.

NORDBYE, Chief Judge.

This cause comes before the Court on the motion of appellants, The Order of Railroad Telegraphers and certain individuals belonging to that organization, seeking an order remanding these proceedings to Hennepin and Scott counties, and if that motion be denied, then a summary judgment in their favor.

On November 12, 1958, the Minnesota Railroad and Warehouse Commission (hereinafter called the Commission) issued an order allowing the Chicago and Northwestern Railway Company (hereinafter called the Railroad) to revise its station agent setup for certain towns in Minnesota. Prior to the Commission's order, a station in each of these towns was maintained by a separate station agent. The Commission's order allowed a consolidation, so to speak, of the various stations so that stations in several localities could be operated by a single agent. This was to be accomplished by an agent's presence at each station during specific times of the day and direct telephone service with the agent at such times as he was not present in the local station.

The Railroad had initiated the proceedings before the Commission requesting the above outlined plan for economy reasons. It was opposed by various groups before the Commission. Among those opposing the request were the station agents and their union, The Order of Railroad Telegraphers (hereinafter called the Telegraphers). Some of these agents would be forced to vacate at

least their present positions if the Railroad's requests were put into effect.

After the Commission's order granted the Railroad's requests, the Telegraphers appealed the matter to the State District Courts in Hennepin and Scott counties. The Railroad removed the cases to this Court alleging diversity of citizenship, but the Telegraphers moved to remand the actions on the grounds, among others, that the Railroad is the true plaintiff in this action and cannot remove its own case from the State Court to the Federal Court. The Telegraphers urge this theory despite the holding that an appeal from a state commission order first becomes a "civil action" within the meaning of the removal statute when the appeal is taken to the State District Court. Range Oil Supply Co. v. Chicago, R. I. & P. R. Co., 8 Cir., 1957, 248 F.2d 477, 478–479. The mere fact that the proceedings first became a civil action upon appeal, however, does not determine the real status of the parties to the proceeding, and it is clear that the Railroad cannot remove this case if it is actually the plaintiff rather than the defendant. Chicago, R. I. & P. R. Co. v. Stude, 346 U.S. 574, 580, 74 S.Ct. 290, 98 L.Ed. 317.

In a situation closely paralleling the one before this Court, Judge Donovan of this District held that the status of a party initiating action before the Commission was not changed by a subsequent court appeal. Rock Island Motor Transit Co. v. Murphy Motor Freight Lines, D.C. Minn.1952, 101 F.Supp. 978. In that case the Transit Company commenced a proceeding before the Minnesota Railroad and Warehouse Commission to procure a certificate of public convenience and necessity to operate as an auto transportation company. The certificate was granted, but an appeal was taken by Murphy Lines to the State Court. The certificate was upheld in the State District Court, but the State Supreme Court reversed the lower court and annulled the certificate. Thereafter, the Transit Company requested of the Commission amended findings and a new order so as to be in harmony with a Minnesota Supreme Court decision. The Transit Company was again successful, but Murphy Lines again appealed to the Ramsey County District Court. The Transit Company this time sought to remove the case to the United States District Court.

Judge Donovan decided that, even though the Transit Company was the prevailing party before the Commission and did not take the court appeal, its status before the court was the same as its status before the Commission. It was the plaintiff or the aggressor of the action although the place of hearing shifted from an administrative body to the court. The nature of the proceedings before the different bodies was held unimportant as was the apparent shift in the status of the parties.

Judge Donovan's decision was not based upon a new theory. The same theory had been presented to Judge Sanborn in Re Chicago, M., St. P., & P. R. Co., D.C. Minn.1931, 50 F.2d 430. He decided that the procedural defendant of that particular state court appeal from a Commission order also was the actual defendant and, as such, was entitled to remove the cause to Federal Court on the basis of diversity. That controversy arose over a long standing dispute between the City of Minneapolis and the Railroad as to the proper method of providing a grade separation at a dangerous intersection. The Railroad and Warehouse Commission came into the matter upon the petition of property owners and residents adjacent to the Railroad and upon its own motion. The Commission determined that the type of grade separation which should be constructed was that urged by the Railroad. The City of Minneapolis appealed the Commission's finding to the State Court and the Railroad removed it to the United States District Court. After viewing the history of the controversy, Judge Sanborn decided that the mainspring of the action lay in the desire of the City to compel a particular kind of grade separation. The City,

therefore, was the real plaintiff, and the Railroad, as the defendant, was entitled to remove the action.

See also Mason City & Ft. D. R. R. Co. v. Boynton, 204 U.S. 570, 27 S.Ct. 321, 51 L.Ed. 629; and Chicago, R. I. & P. R. Co. v. Stude, supra.

In the case at bar, the Railroad was unquestionably the initiator of the action before the Commission. It alone sought to change the status quo. To obtain its proposed changes, the Railroad necessarily ran into the requirements of a Minnesota statute (M.S.A. § 219.85) which made its requests of alleged questionable legality. True, it prevailed in its petition to the Commission and was brought into court against its will, but this does not make it a defendant of the proceedings viewed in their entirety. The lawfulness of the Railroad's plan is before the Court just as it was before the Commission. The Railroad no longer has the procedural burden of proving its case, but it must be viewed as the plaintiff in determining whether or not this Court should assume jurisdiction.

■ The Court is not without some misgivings in denominating the Railroad as plaintiff here, but the misgivings which arise do nothing more than raise doubts as to the propriety of jurisdiction. There is not unanimity of opinion on the question of whether or not Federal Courts should remand cases to the State Court when jurisdiction appears doubtful. Barron and Holtzoff in their work on Federal Practice and Procedure state unequivocally that "if federal jurisdiction is doubtful the case will be remanded." 1 Barron and Holtzoff, Federal Practice and Procedure, Section 109. This statement, however, completely ignores a rule set forth by the Eighth Circuit Court of Appeals in Boatman's Bank v. Fritzlen, 1905, 135 F. 650, 653–655, that jurisdiction shall be retained in the Federal Court if it appears doubtful. The reasoning of the cases relied upon by Barron and Holtzoff in stating the general rule is that, inasmuch as the burden of establishing federal jurisdiction rests upon the party petitioning for removal, doubts must be resolved against that party. Likewise it is pointed out that Federal Courts have only such jurisdiction as Congress has bestowed upon them; they are not at liberty to expand their own jurisdiction. In that removal statutes are to be strictly construed, Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108–109, 61 S.Ct. 868, 85 L.Ed. 1214, these cases conclude that it is not proper to resolve doubts in favor of retaining federal jurisdiction.

The Boatman Bank case, supra, reasoned, on the other hand, that a petitioner for removal loses a valuable right if a case is remanded when jurisdiction is doubtful because such a disposition is not open to appeal. 28 U.S.C.A. § 1447 (d). This right will not be lost, however, if jurisdiction is retained because the propriety of federal jurisdiction can be determined later if the case is not remanded to a State Court. The rule of the Boatman Bank case was followed by the District Courts of the Eighth Circuit at least as late as 1931, In re Chicago, M., St. P., & P. R. Co., supra, 50 F.2d at page 435; Pierce v. Desmond, D.C.Minn. 1926, 11 F.2d 327; Chunes v. Duluth, W. & P. Ry. Co., D.C.Minn.1923, 292 F. 153, 157; In re Mississippi River Power Co., D.C.Iowa 1917, 241 F. 194, 201; Drainage Dist. No. 19 v. Chicago, M. & St. P. Ry. Co., D.C.Mo.1912, 198 F. 253, 264; Stone v. Chicago, B. & Q. R. Co., D.C. Mo.1912, 195 F. 832, and 840.

Five more recent cases from the Eighth Circuit District Courts have recognized the other rule as proper. Commercial Credit Corporation v. Schwartz, D.C.Ark.1955, 130 F.Supp. 524, 532; Rice v. Sioux City Memorial Park Cemetery, D.C.Iowa 1952, 102 F.Supp. 658, 663, 667; Sequoyah Feed & Supply Co. v. Robinson, D.C.Ark.1951, 101 F.Supp. 680, 682; Cudney v. Midcontinent Airlines, Inc., D.C.Mo.1951, 98 F.Supp. 403, 405; Reeves v. American Brake Shoe Co., D.C.Mo.1947, 74 F.Supp. 897, 899. None of these cases discussed the Boatman Bank case, supra. But even though it may be concluded that the rule of the Boatman Bank case is not open to attack,

there are other reasons present in the case at bar which persuade the Court that remand is proper. Standing alone, the reasons would not compel remand, but they are at least sufficient to persuade the Court that any doubtful jurisdiction in this instance should be decided in favor of remand. Ultimately the case involves an interpretation of a state statute before referred to (M.S.A. § 219.85) which has not been interpreted by the Minnesota Supreme Court. There are no federal constitutional questions involved. Another action by a Minnesota railroad involving the interpretation of that statute has already been decided adversely to the Railroad's position by a State District Court. The statutory question in that case is the same as that here and may very probably be presented to the Minnesota Supreme Court. What this Court might decide here on the merits of the controversy would be no more than a forecast of what the Minnesota Supreme Court eventually will decide. What the State Supreme Court says will be controlling in the interpretation of the Minnesota statute. See Railroad Comm. of Texas v. Pullman Co., 312 U.S. 496, 500, 61 S.Ct. 643, 85 L.Ed. 971.

This Court might retain jurisdiction and stay the proceedings pending the final outcome of the Minneapolis and St. Louis Railway Company case, which is the other railroad proceeding now pending in the State Court. But the circumstances do not seem to suggest such a procedure. On the other hand, this Court could retain jurisdiction and proceed to determine the merits of the controversy and assume to presage as to what the Minnesota Supreme Court would do as to the merits of the controversy. If the Court of Appeals determined that this Court had no jurisdiction, then, of course, all proceedings taken herein would be futile and for naught. And any decision made by this Court or the Court of Appeals as to the merits of the controversy would involve a mere tentative construction of the state statute. The Supreme Court of Minnesota has the last word.

Needless friction between Federal and State courts should be avoided.

The granting of the motion to remand is not to be considered as any indication of the views of this Court with regard to the rights of these appellants to challenge the action of the Commission. Whether individuals whose only interest in attacking the order of the Commission is one of job tenure, rather than of public interest, have any standing as appellants herein obviously must be determined by a court which has jurisdiction.

In view of the premises, therefore, my considered view is that these two proceedings should be remanded to the District Courts of Hennepin and Scott counties from whence they came. It is so ordered. A stay of this order for one week may be entered.