**CITY OF OWATONNA, Plaintiff-Respondent,**

v.

**CHICAGO, ROCK ISLAND AND PACIFIC RAILROAD COMPANY, Defendant-Appellant.**

No. 1–69 Civ. 53.

United States District Court
D. Minnesota,
First Division.

April 23, 1969.

George E. Dow, Jr., Owatonna, Minn., and Best, Flanagan, Lewis, Simonet & Bellows, by Harold C. Evarts, Minneapolis, Minn., for plaintiff-respondent.

Stringer, Donnelly & Sharood, by A. James Dickinson, St. Paul, Minn., for defendant-appellant.

NEVILLE, District Judge.

Presently before the court is a motion by the City of Owatonna to remand the above-entitled action to the District Court of the State of Minnesota, Steele County from whence it was removed.

It appears that the City of Owatonna, Minnesota, through its City Council and pursuant to Minn.Stat. ch. 429 ordered certain public improvements to be constructed, consisting generally of grading and paving a city public street along lands owned in part by the Chicago, Rock Island and Pacific Railroad Company. After notice to the Railroad, the City Council thereafter assessed a portion of the costs of these improvements against it as an owner of the benefited lands in the amount of $35,392.50. Other land owners along the same public street also were assessed. An assessment hearing was held before the Owatonna City Council on January 21, 1969. The Railroad appeared stating its objections to the assessment and to the amount thereof.

■ Being aggrieved as to the amount of the special assessment against its land, the Railroad, pursuant to Minn.Stat. § 429.081 (1968 Supp.) and provisions of the Owatonna City Charter, perfected a statutory appeal to the District Court of the State of Minnesota, Steele County by filing with the Clerk of that court what has been denominated as a "notice of appeal."[1] Thereafter within thirty days, the Railroad being a citizen of a State other than Minnesota filed a petition for removal to federal court pursuant to 28 U.S.C. § 1441(a)[2] and § 1446.[3]

---

1. Minn.Stat. § 429.081 (1968 Supp.) reads:
   "Within 20 days after the adoption of the assessment, any person aggrieved may appeal to the district court by serving a notice upon the mayor or clerk of the municipality. The notice shall be filed with the clerk of the district court within ten days after its service. The municipal clerk shall furnish appellant a certified copy of objections filed in the assessment proceedings, the assessment roll or part complained of, and all papers necessary to present the appeal. The appeal shall be placed upon the calendar of the next general term commencing more than five days after the date of serving the notice and shall be tried as other appeals in such cases. The court shall either affirm the assessment or set it aside and order a reassessment as provided in section 429.071, subdivision 2. If appellant does not prevail upon the appeal, the costs incurred shall be taxed by the court and judgment entered therefor. All objections to the assessment shall be deemed waived unless presented on such appeal."
   It is undisputed that the necessary procedures as outlined above were followed

in this case and that the District Court of the State of Minnesota, Steele County had proper jurisdiction over the case before it was removed.

2. 28 U.S.C. § 1441(a) reads:
   "(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

3. 28 U.S.C. § 1446 reads in part:
   "(a) A defendant or defendants desiring to remove any civil action * * from a State court shall file * * * a verified petition containing a short and plain statement of the facts which entitle him or them to removal together with a copy of all process, pleadings and orders served upon him or them in such action."
   The City of Owatonna argues that the Railroad did not comply with 28 U.S.C. § 1446(a) in that the petition for removal is not verified and that therefore any

The City of Owatonna has made several objections to the petition for removal in support of its motion to remand. It argues generally that assessment proceedings as they exist under Minnesota law are not removable to a federal court, claiming that state law controls the nature of the proceedings and that under Minnesota law assessment proceedings are legislative or administrative proceedings. Moreover, Owatonna argues that while this is a "civil" as opposed to "criminal" action, under Minn.Stat. § 429.081 (1968 Supp.) the court exercises appellate review in the nature of certiorari since it can only affirm the assessment or set it aside and order a re-assessment by the Owatonna City Council. Owatonna also argues that the Railroad is not a "defendant" for purposes of 28 U.S.C. § 1441(a) and that therefore the attempted removal to federal court is improper.

The Railroad, on the other hand, urges that actions arising out of City assessment proceedings are removable to federal court and that it has met the requirements for original jurisdiction in the federal courts under 28 U.S.C. § 1332, this being a civil action between citizens of different states where the amount in controversy exceeds $10,000. The Railroad admits that the above action could not have been originally commenced in federal court because of the statutory requirement under Minn.Stat. § 429.081 (1968 Supp.), but claims this fact to be immaterial. Finally, the Railroad claims that while it filed a "notice of appeal" in the state court, it is actually a party defendant under federal law. It contends the court must align the parties according to their actual interest and that such an alignment will show the Railroad to be a party defend-

ant as it is defending an assessment charge initially commenced against it by the City of Owatonna.

■ Turning to the various points of law raised by the parties, the court is convinced that the above case is a civil action within the original jurisdiction of the federal courts. Original jurisdiction of the federal courts arises when there is before the court a civil action between citizens of different states wherein the amount in controversy exceeds $10,000. 28 U.S.C. § 1332. The right to removal is not affected by the particular state statutory procedure giving rise to the cause of action. Thus it consistently has been held that a civil action may be removed to a federal court notwithstanding the fact that matters of state procedure require the action to be initially commenced in a state court. See Commissioners of Road Improvement District No. 2 v. St. Louis Southwestern Ry., 257 U.S. 547, 561–562, 42 S.Ct. 250, 66 L.Ed. 364 (1922); Kirby v. Chicago & Northwestern R.R., 106 F. 551, 557 (C.C.S.D. Iowa 1900); City of Terre Haute v. Evansville & Terre Haute R.R., 106 F. 545, 548 (C.C.D.Ind.1901); and In re Stutsman County, 88 F. 337, 341 (C.C.D.N.D.1898).

Assessment proceedings in Minnesota become a civil action when a notice of appeal is filed in the state district court, a court of general jurisdiction. It is an adversary proceeding between parties and a decision is made to enforce or not to enforce a liability against a landowner on past facts gathered by legislative or administrative officers. Commissioners of Road Improvement District No. 2 v. St. Louis Southwestern Ry., 257 U.S. 547, 42 S.Ct. 250 (1922); In re Chicago, Milwaukee, St. Paul & Pacific R.R., 50 F.2d 430 (D.Minn.1931); In re Judicial

attempted removal to this court is defective. Counsel for the Railroad stated during the course of the motion to remand that he would certify in open court the truthfulness and accurateness of the statements contained in the petition. The court holds that the failure of the Railroad to verify the petition is not a fatal

defect entitling the City of Owatonna to have the case remanded. The court will treat counsel's statement in open court as curing any defect. See Henlopen Hotel Corp. v. Aetna Ins. Co., 213 F.Supp. 320 (D.Del.1963); and Nelson v. Peter Kiewit Sons' Co., 130 F.Supp. 59 (D.N.J. 1955).

Ditch No. 24, 87 F.Supp. 198 (D.Minn. 1949). It is true that the proceedings for making local improvements and the subsequent assessment proceedings are initially legislative and administrative in nature. Yet it becomes one of judicial inquiry when an aggrieved person appeals to the district court objecting to the assessment pursuant to Minn.Stat. § 429.081 (1968 Supp.). The argument that assessment appeals lose their judicial characteristics because there is not a trial de novo in the district court is without merit. See In re Chicago, Milwaukee, St. Paul & Pacific R.R., 50 F.2d 430, 433 (D.Minn.1931); and Range Oil Supply Co. v. Chicago, Rock Island & Pacific R.R., 140 F.Supp. 283, 285 (D. Minn.1956), aff'd 248 F.2d 477, 479 (8th Cir.1957). In both of the above cases removal was allowed even though the court's review was limited to whether an order of the Railroad and Warehouse Commission was lawful and reasonable. The same scope of review is present in this action. See Village of Edina v. Joseph, 264 Minn. 84, 119 N.W.2d 809 (1962).

█ Finally the court holds that the Railroad is properly a defendant in this action for the purposes of removal. This is a question of federal law not state law and the parties must be aligned according to the facts and their respective interests. Mason City & Fort Dodge R.R. v. Boynton, 204 U.S. 570, 27 S.Ct. 321, 51 L.Ed. 629 (1907); Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); Chicago, Rock Island & Pacific R.R. v. Stude, 346 U.S. 574, 74 S.Ct. 290, 98 L. Ed. 317 (1954); and In re Chicago, Milwaukee, St. Paul & Pacific R.R., 50 F.2d 430 (D.Minn.1931). In Mason City & Fort Dodge R.R. v. Boynton, supra, 204 U.S. at 580, 27 S.Ct. at 324, the Supreme Court commented as to condemnation proceedings:

"Looked at as a whole, the Iowa statutes provide a process by which railroads and others may acquire land for their purposes which the owner refuses to sell. The first step is the valuation. Whether it is part of the case or not, it is a necessary condition to the proceedings in court. Against the will of the owner the title to the land is not acquired until the case is decided and the price paid. The intent of the railroad [the condemnor] to get the land is the mainspring of the proceedings from beginning to end, and the persistence of that intent is the condition of their effect. The state is too considerate of the rights of its citizens to take from them their land in exchange for a mere right of action. The land is not lost until the owner is paid. Therefore, in a broad sense, the railroad [the condemnor] is the plaintiff, as the institution and continuance of the proceedings depend upon its will."

In the *Mason City* case, while Boynton, the landowner, had appealed from a commissioners' damage award and was nominally the plaintiff under state law, the Supreme Court looking at the proceedings as a whole and in their broadest sense held that Boynton was in fact a defendant. Our Minnesota federal court has followed this practice stating that "the mere fact that a party appeals from the order of an administrative and non-judicial body does not constitute that party a plaintiff." In re Chicago, Milwaukee, St. Paul & Pacific R.R., 50 F.2d 430, 434 (D.Minn.1931). *In re Chicago* involved an appeal from the Railroad and Warehouse Commission concerning the separation of grades of the railroad. There our court looked at the proceedings as a whole instead of merely looking to see who had appealed from the order of the Commission. The court held that the city was the aggressor and plaintiff in the case because it was the city who was complaining as to the grade crossings and the method of grade separation advocated by the railroad and ordered by the Commission. As to the railroad, "they complain of nothing, and would be satisfied, no doubt, to leave the grades of their tracks and the city streets as they now are." *In re Chicago, supra* at 434. The same test was ap-

plied in the case of In re Judicial Ditch No. 24, 87 F.Supp. 198 (D.Minn.1949) which involved an assessment of benefits against lands owned by the railroad for construction of a judicial ditch. Following *In re Chicago,* the court held that the railroad was the defendant for removal purposes as it was "seeking to protect its land from an assessment of benefits in a proceeding which originally was instituted by other parties." In re Judicial Ditch No. 24, *supra* at 203.

The City of Owatonna relies on State of Minnesota v. Chicago & North Western Ry., 174 F.Supp. 267 (D.Minn.1958) where the court remanded appellate proceedings from the Minnesota Railroad and Warehouse Commission. The railroad, in that case, had initiated proceedings before the commission to reduce its required number of station agents along its lines. The commission allowed the railroad to consolidate and the aggrieved agents, through their union, appealed the order to a state court. The railroad thereafter sought removal. The court, following *Range Oil Supply Co., supra,* stated that the appeal to the state court was a civil action within the meaning of the removal statute. Remand was ordered, however, as the court concluded (though not without some doubts) that the railroad was actually a plaintiff in the case since the railroad had originally initiated the proceedings before the commission and "it alone sought to change the status quo." 174 F.Supp. at 269. In this regard then, while the court did order remand, the case is consistent with the other aforementioned cases in looking at the proceedings as a whole and in determining who originally commenced the administrative proceedings giving rise to the subsequent civil suit.

The above cases compel the result reached here. The Railroad has been placed on the defensive by the actions of the City of Owatonna in seeking an assessment of benefits against lands owned by the Railroad. The Railroad obviously would be happy to have no assessment levied on their lands. They now are in court to protect their lands from what they consider to be an unreasonably high assessment of benefits.

Accordingly the motion to remand is denied and a separate order has been entered.

