**FAYETTEVILLE PERRY LOCAL SCHOOL DISTRICT, Plaintiff/Respondent**

v.

**Kelly RECKERS, a minor, by and through her parents, Terry and James RECKERS, Defendants/Petitioners.**

No. C–1–94–665.

United States District Court, S.D. Ohio, Western Division.

June 5, 1995.

Michael J. Mooney, Cincinnati, OH, Janice S. Jacobs, University Heights, OH, for petitioners.

John Michael Fischer, Ennis, Roberts and Fischer, Cincinnati, OH, for respondent.

## ORDER DENYING PLAINTIFF'S MOTION TO REMAND

SPIEGEL, District Judge.

This matter is before the Court on the Plaintiff's Motion to Remand (doc. 4), and the Defendants' Response (doc. 6). The Plaintiff has not replied.

### BACKGROUND

The Plaintiff/Respondent, the Fayetteville Perry Local School District Board of Education ("Fayetteville Perry" or "the school district") is the political entity responsible for operating and managing the Fayetteville Perry Local School District, an Ohio Public School District. Petitioners/Defendants, Kelly Reckers and her parents ("the Reckers") are residents of the Fayetteville Perry Local School District. Kelly Reckers is hearing impaired and qualifies as a handicapped child. She is entitled, under both the Ohio Revised Code §§ 3323.01–.04 and the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. §§ 1401 *et seq.*, to free appropriate special education from the Fayetteville Perry.

Kelly is now 11 years old. Up to and including the 1991–92 school year, Kelly was enrolled in Fayetteville Perry schools and

placed, pursuant to Individualized Education Plans ("IEP") developed for Kelly, in a hearing impaired special educational program operated by Fayetteville Perry in cooperation with other public school districts in the Brown County, Ohio, area. An IEP was developed for Kelly for the 1992–93 school year, but prior to the start of that school year, Kelly's parents withdrew her from Fayetteville Perry schools and enrolled her at St. Rita's School for the Deaf in Cincinnati, Ohio.

Subsequently, Kelly's parents filed for an Impartial Due Process Hearing ("IDPH") pursuant to Ohio Revised Code § 3323.05, seeking reimbursement from Fayetteville Perry for Kelly's tuition at St. Rita's, and seeking transportation to St. Rita's. The Impartial Due Process Hearing requested by the Reckers was held in late October, 1993, and the Impartial Hearing Officer ("IHO") issued his decision on March 8, 1994. The Impartial Hearing Officer found that Fayetteville Perry had not provided Kelly with a free appropriate placement. The IHO required Fayetteville Perry to reimburse the Reckers for tuition and transportation costs at St. Rita's for the 1992–93 and 1993–94 school years, and for the cost of an independent evaluation of Kelly which the Reckers had obtained. Fayetteville Perry timely appealed the Independent Due Process Hearing Officer's decision to the Ohio Department of Education. The State Level Review Officer ("SLRO") appointed by the Ohio Department of Education, while striking certain findings and conclusion of the IHO, essentially affirmed the findings of the IHO.

Fayetteville Perry timely appealed, pursuant to Ohio Revised Code § 3323.05 and § 119.12, the SLRO's final order by filing its Notice of Appeal from the final order with the Ohio Department of Education and in the Brown County, Ohio, Court of Common Pleas. Subsequently, the Reckers removed Fayetteville Perry's appeal of the SLRO's final order to the United States District Court for the Southern District of Ohio, pursuant to 28 U.S.C. § 1331. Fayetteville Perry now seeks to have this action remanded to the Brown County, Ohio, Court of Common Pleas.

## DISCUSSION

In 1975 Congress enacted the Education for All Handicapped Children Act ("EAHCA"), 20 U.S.C. § 1400 *et seq.* That legislation requires states, as a condition of receiving federal funding, to provide handicapped children a free, appropriate public education, designed to meet the special educational needs of such handicapped children. The EAHCA was renamed, by amendments enacted in 1990, to the Individuals with Disabilities Education Act ("IDEA").

In 1976, responding to the mandate created by EAHCA, Ohio enacted Chapter 3323 of the Ohio Revised Code for the purpose of assuring, as required by the IDEA, that handicapped children in Ohio would be provided with a free appropriate public education. Both the federal and Ohio statutes provide procedures for handicapped children and their parents to appeal the decisions made by their local schools. *Compare* 20 U.S.C. § 1415 *with* Ohio Rev.Code § 3323.05. Both of these sections provide for impartial due process hearings to resolve disputes between parents and school districts over the education of a handicapped child. Both the state and federal statutes allow an aggrieved party to appeal from the results of a final administrative hearing. The IDEA provides for appeal to either a state trial court or a federal district court. The statute states:

> Any party aggrieved by the findings and decision [resulting from the administrative process] shall have the right to bring a civil action with respect to the complaint presented pursuant to this section, which action may be brought in any State court of competent jurisdiction or in a district court of the United States without regard to the amount in controversy. In any action brought under this paragraph the court shall receive the records of the administrative proceedings, shall hear additional evidence at the request of a party, and basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate.

20 U.S.C. § 1415(e)(2). The Ohio statute provides for appeal to an Ohio Court of Common Pleas only:

Any party aggrieved by the final order of the reviewing officer may appeal the final order within 45 days of notification of the order to the court of common pleas of the county in which the child's school district of residence is located, under Chapter 119. of the Revised Code.

Ohio Rev.Code § 3323.05(F). Relevant sections of Chapter 119 of the Revised Code state:

Unless otherwise provided by law, in the hearing of the appeal, the court is confined to the record as certified to it by the agency. Unless otherwise provided by law, the court may grant a request for the admission of additional evidence when satisfied that such additional evidence is newly discovered and could not with reasonable diligence had been ascertained prior to the hearing before the agency.

 \* \* \* \* \* \*

The hearing in the court of common pleas shall proceed as in the trial of a civil action, and the court shall determine the rights of the parties in accordance with the laws applicable to such action. At such hearing, counsel may be heard on oral argument, briefs may be submitted, and evidence introduced if the court has granted a request for the presentation of additional evidence.

The court may affirm the order of the agency complained of in the appeal if it finds, upon consideration of the entire record and such additional evidence as the court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law. In the absence of such findings, it may reverse, vacate, or modify the order or make such other rulings as is supported by reliable, probative, and substantial evidence and is in accordance with law. The court shall award compensation for fees in accordance with Section 2335.39 of the Revised Code to a prevailing party, other than an agency, in an appeal filed pursuant to this section.

Ohio Rev.Code § 119.12.

Fayetteville Perry, having received an adverse decision from the State Level Review Officer, filed an appeal in Brown County Common Pleas Court. The Reckers removed the case to this Court. Fayetteville Perry argues that this case was wrongfully removed from state court and request remand to Brown County Court of Common Pleas. Fayetteville Perry begins by pointing out that previous to their appeal to the Court of Common Pleas, all the administrative proceedings in this matter were conducted before officials of the state of Ohio. Most importantly, Fayetteville Perry argues that they brought their appeal in Brown County Common Pleas Court strictly under Ohio law. Fayetteville Perry argues that they should be masters of their own appeal. They contend that they are entitled to select the forum in which they wish to bring their appeal. The Court has reviewed the arguments of the school district and the Defendants' Response. We note that Fayetteville Perry has not replied to the Defendants' responsive motion. Having considered all the arguments provided, we find that the Defendants have the right to remove this matter to this Court. Therefore, we will deny the Plaintiff's Motion to Remand.

 Initially, Fayetteville Perry indicates that Congress has provided in 20 U.S.C. § 1415(e)(2) that an aggrieved party may appeal in either state or federal court. The school district contends that this provision indicates an intention on the part of Congress to allow the aggrieved party to choose the forum in which the appeal would be taken. They argue that to allow a defendant to remove an appeal to federal court will take away the aggrieved party's choice, and therefore, the intent of Congress would be subverted. However, a corollary to the school district's argument is that it renders the removal statute powerless in cases where the enacting statute conveys both state and federal jurisdiction. According to Fayetteville Perry's argument, wherever Congress has granted concurrent jurisdiction, operation of the removal statute would be precluded. As one district court has stated:

It stretches concurrent statutory language past the breaking point to hold that the granting of concurrent jurisdiction *expressly* prohibits removal.

*Routh v. City of Parkville,* 580 F.Supp. 876, 877 (W.D.Mo.1984). The Reckers counter with Sixth Circuit precedent which expresses what we believe to be the better view:

> The weight of judicial authority supports the conclusion that "a Congressional grant of concurrent jurisdiction in a statute does not imply that removal is prohibited."

*Dorsey v. City of Detroit,* 858 F.2d 338, 341 (6th Cir.1988) (quoting 14 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure, § 3729 (1985)). Therefore, the fact that the IDEA provides the plaintiff with the choice of state or federal court does not preclude the removal of the resulting action to federal court.

For their principle argument, Fayetteville Perry submits, that under federal removal law, a plaintiff has the right to have his appeal heard in state court, even though a federal court also has original jurisdiction, if relief available to the parties, and in particular to a defendant, in state court is no less than the relief available in federal court.

 Removal of suits from state to federal court is governed by statute. The removal statute states:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to citizenship or residence of the parties.

28 U.S.C. § 1441(b). A defendant has a right to remove a complaint that explicitly alleges federal statutory claims. *Oklahoma Tax Commission v. Graham,* 489 U.S. 838, 109 S.Ct. 1519, 103 L.Ed.2d 924 (1989); *Warren v. United States,* 738 F.Supp. 212, 214 (E.D.Ky.1990) ("defendant's right to remove an action is a statutory grant to be strictly construed.") Generally, according to what has come to be known as the "well-pleaded complaint rule," we must look to the plaintiff's statement of his own claim, unaided by anything alleged in anticipation of avoidance or defense to determine whether the district court has original jurisdiction. *Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, 9–10, 103 S.Ct. 2841, 2846–47, 77 L.Ed.2d 420 (1983) (citing *Taylor v. Anderson,* 234 U.S. 74, 75–76, 34 S.Ct. 724, 724–25, 58 L.Ed. 1218 (1914)). A plaintiff is master of his complaint, and if he chooses not to assert a federal claim, a defendant cannot remove on the basis of original federal question jurisdiction. *Great Northern Ry. Co. v. Alexander,* 246 U.S. 276, 282, 38 S.Ct. 237, 239, 62 L.Ed. 713 (1918). However, a plaintiff may not escape federal jurisdiction by "artful pleading." *See Federated Department Stores v. Moitie,* 452 U.S. 394, 397 n. 2, 101 S.Ct. 2424, 2427 n. 2, 69 L.Ed.2d 103 (1981). In *Moitie* the Supreme Court stated:

> As one treatise puts it, courts "will not permit plaintiff to use artful pleading to close off defendant's right to a federal forum ... [and] occasionally the removal court will seek to determine whether the real nature of the claim is federal, regardless of plaintiff's characterization."

*Id.* (quoting 14 C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 3722, pp. 564–566 (1976)). "[A]n action can be removed 'where the real nature of the claim asserted in the complaint is federal, irrespective of whether it is so characterized.'" *Bucary v. Rothrock,* 883 F.2d 447, 450 (6th Cir.1989) (quoting *Striff v. Mason,* 849 F.2d 240, 244 (6th Cir.1988)). This holding requires a district court to do an analysis of the true nature of the claims involved.

 The *Moitie* principle, which requires a district court to look beyond "artful pleading," has caused numerous uncertainties concerning the law of removal. Charles Allen Wright, Law of Federal Courts, 215 n. 41 (1983). This is particularly intricate when, as in the case now before us, there are parallel statutes under which the suit can be brought. Fortunately, the parties to this suit agree concerning the standard which we should use to determine whether removal is appropriate. Essentially, what is required is an inquiry into whether action in state court affords the defendant essentially the same protections which would be afforded in federal court. Fayetteville Perry articulated the standard in this manner:

> Plaintiff submits ... that the question which this court must answer is whether an Ohio court [applying the Ohio statute] has the same authority in reviewing a final

order of a SLRO resolving a dispute over the education of a handicapped child as this court does in conducting such a review [under federal law].

Defendant's Motion to Remand (doc. 4), at 11 (citing *Amelia County School Board v. Virginia Board of Education*, 661 F.Supp. 889, 895 (E.D.Va.1987)).

 Having undertaken this analysis, we conclude that the federal statute provides better protections for litigants than are available under state law. Although there are many similarities between the two, focusing on the major differences, we note that the Ohio statute is more limited in the evidence to be considered, is more deferential to the agency below, is more limited in the remedies available, and is less comprehensive in regard to the award of attorney fees. Therefore, the Defendants are entitled to remove this action to this Court.

A more detailed inspection of the issue of the evidence which the Court of Common Pleas can consider under Ohio Revised Code Chapter 3323 is instructive. As noted above, under the federal statute, a court reviews the records of the administrative proceedings below, but may also hear additional evidence *at the request of the parties.* *See* 20 U.S.C. § 1415(e). Under the Ohio statute, "Unless otherwise provided by law, in the hearing of the appeal, the court is confined to the record as certified to it by the agency." Ohio Rev. Code § 119.12. The Common Pleas Court may

Unless otherwise provided by law, grant a request for the admission of additional evidence *when satisfied that such additional evidence is newly discovered and could not with reasonable diligence had been ascertained prior to the hearing before the agency.*

Ohio Rev.Code § 119.12 (emphasis added). Fayetteville Perry admits that on its face this seems to be an important difference. However, Fayetteville Perry contends that an Ohio Common Pleas Court would be bound to accept new evidence under the "otherwise provided by law" clause. The school district contends that the other law is none other than the federal IDEA. The school district argues:

Section 1415(e)(2) [of the federal IDEA] does provide otherwise by law, and the authority contained in that section to hear additional evidence is therefore incorporated into R.C. 119.12 for purposes of an appeal from a SLRO's final order resolving a dispute over the education of a handicapped child. Ohio courts have recognized and upheld the application of [the federal statute,] § 1415(e)(2) to an appeal from a SLRO brought in state court pursuant to R.C. 3323.05 and R.C. 119.12.

Plaintiff's Motion to Remand (doc. 4), at 11–12 (citations omitted). Fayetteville Perry maintains that since the Ohio statute protecting handicapped students was mandated by the federal IDEA statute, then the federal statue is controlling. The school district argues that any deficiencies in the procedures provided under Ohio Revised Code § 3323 are necessarily corrected by the IDEA.

This argument, however, is more probative of the Reckers' position than that of Fayetteville Perry. If the test for removal is whether the state statute provides the same procedural safeguards as the federal statute, the school district cannot use the preemptive nature of the federal statute as an argument that the state statute is equally protective. In fact, it is just such preemptive power of the federal statute which, according to the case primarily relied upon by Fayetteville Perry, is the chief indicia of "when a state law claim may be characterized as a federal claim." *See Amelia County School Board,* 661 F.Supp. at 892 (citing *Hunter v. United Van Lines,* 746 F.2d 635, 642–43 (9th Cir. 1984) (holding that under the "artful pleading" doctrine a state law claim may be characterized as a federal claim if the state law claim must be preempted by federal law)).

Fayetteville Perry's argument that the state statute provides the same protections as the federal statute, because the shortcomings of the state statute can be remedied by recourse to the federal statue is flawed. Fayetteville Perry contends that if the protections of the state statute were inadequate, a party could always bring suit under the

federal statute to make up the difference.[1] But the assurance that a party can always bring a separate lawsuit to correct the inadequacies of the state statute cannot be advanced as an argument that the state statute provides equal procedural protections. In light of this fundamental admission by Fayetteville Perry, we find the Reckers' assertion that they are entitled to removal under the IDEA to be warranted.

In the end, we find ourselves in agreement with another district court which stated when confronted with this issue:

> [T]he Court can think of no compelling policy reasons for denying ... the right to remove [the] state appeal to this Court. Moreover, neither comity nor state court expertise weighs in favor of denying removal. Given the highly complex nature of special education of the handicapped, the state courts can certainly claim no greater expertise in determining what is an "appropriate" special education than this court.

*Colin K. v. Schmidt,* 528 F.Supp. 355 (D.R.I. 1981).

## CONCLUSION

Fayetteville Perry has failed to file a reply memorandum countering the Reckers' arguments for removal. In light of the persuasiveness of the Reckers' arguments and the absence of any rebuttal on the Part of the school district, Fayetteville Perry's motion to remand must fail. Accordingly, Fayetteville Perry Local School District's Motion to Remand (doc. 4) is DENIED.

SO ORDERED.

---

1. In addition to the issue of the presentation of additional evidence Fayetteville Perry admits that in order for the Reckers to receive attorney fees for the administrative portion of their action, they will be forced to bring a separate action under federal law.