**YANKTON AREA ADJUSTMENT TRAINING CENTER, INC., a South Dakota Corporation, Plaintiff,**

v.

**Shawn OLESON, By and Through his adoptive parents and guardians, Darwin OLESON and Dale Oleson, and Yankton School District 63–3, Defendants.**

No. Civ. 94–4301.

United States District Court,
D. South Dakota,
Southern Division.

Aug. 4, 1995.

William J. Klimisch, Goetz, Hirsch & Klimisch, Yankton, SD, for plaintiff.

Caitlin F. Collier, Bogue, Weeks, Billings & Collier, Vermillion, SD, Richard D. Hagerty, Yankton, SD, Steven Lane Pevar, ACLU, Denver, CO, for defendants.

---

432

## ORDER DENYING MOTION TO REMAND

PIERSOL, District Judge.

Plaintiff Yankton Area Adjustment Training Center, Inc., (YAATC), filed its Complaint under the Individuals with Disabilities Education Act (IDEA) in the Circuit Court for the First Judicial Circuit of the State of South Dakota, seeking review under 20 U.S.C. § 1415 of a state administrative decision in favor of defendants. Defendants timely removed the suit to federal district court pursuant to 28 U.S.C. §§ 1441 and 1446. Plaintiff moves to remand the action to state court. For the reasons discussed below, the Court denies the motion to remand.

■ Plaintiff first argues that 20 U.S.C. § 1415(e)(2) specifically provides that a party aggrieved by an administrative decision "shall have the right to bring a civil action ..., which action may be brought in any State court of competent jurisdiction or in a district court of the United States without regard to the amount in controversy." By enacting this language, plaintiff argues, Congress vested in plaintiff a right to bring an action in state court, and defendants may not defeat plaintiff's choice of forum by removing the action to federal district court. Plaintiff further argues that 28 U.S.C. § 1441(a) permits removal "[e]xcept as otherwise expressly provided by Act of Congress," and that the § 1415(e)(2) grant of a vested right in a state forum is an express congressional provision exempting this case from removal.

The Court cannot agree with this argument. Section 1415(e)(2) grants concurrent jurisdiction in the state and federal courts. The statute does not contain an express prohibition against removal of an action filed in state court to federal court, and no such prohibition is included in 28 U.S.C. § 1445. See Cosme Nieves v. Deshler, 786 F.2d 445, 451 (1st Cir.1986) (holding in suit brought under Fair Labor Standards Act that removal is permissible where there is not an explicit statutory directive by Congress abrogating the right to remove). To adopt the plaintiff's argument that section 1415(e)(2) implies a prohibition on removal because it conveys both state and federal jurisdiction would render the removal statute meaningless. See Fayetteville Perry Local School Dist. v. Reckers, 892 F.Supp. 193 (S.D.Ohio 1995) (denying motion to remand in IDEA case where plaintiff school district asserted same arguments as plaintiff in this case). See also Dorsey v. City of Detroit, 858 F.2d 338, 341 (6th Cir.1988) (holding in 42 U.S.C. § 1983 suit that weight of judicial authority supports conclusion that congressional grant of concurrent jurisdiction does not imply prohibition on removal); Routh v. City of Parkville, 580 F.Supp. 876, 877 (W.D.Mo.1984) (same). Therefore, the Court will deny the motion to remand based upon this argument.

■ Plaintiff next argues that the Court should consider the status of the parties in the prior administrative proceeding to determine which party, in reality, is the plaintiff in this suit. Plaintiff argues that the disabled child and his parents sought the administrative hearing and therefore, they are the real plaintiffs in interest in this civil action, which is, in essence, YAATC's appeal of the administrative decision. Because plaintiffs cannot remove cases to federal court, YAATC argues that its motion to remand should be granted.

The Eighth Circuit rejected a similar argument in Range Oil Supply Co. v. Chicago, Rock Island & P.R. Co., 248 F.2d 477, 479 (8th Cir.1957). YAATC correctly argues that Range Oil was the party that sought an administrative hearing and then appealed to state court following an adverse decision. Range Oil took the position, however, that defendant's removal of the appeal to federal court was improper because the appeal was not a civil action of which the federal court would have original jurisdiction. Id. The Eighth Circuit held that Range Oil was the aggressor in seeking relief from the administrative order and that Range Oil began a civil suit as plaintiff when it sought to overturn the administrative order. Id. (emphasis added). Because diversity jurisdiction existed, the Eighth Circuit held that defendant/appellee properly removed the case to federal court. Id. In this case, YAATC is the "aggressor" seeking relief from the administrative officer's decision, and it is the plaintiff in

this civil action. Thus, defendants properly removed the case to federal court under either § 1441(a) or (b). Accordingly,

IT IS ORDERED that plaintiff's motion to remand is denied. (Doc. 4.)