**INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 400, a Labor Organization, Plaintiff,**

v.

**SLETTEN CONSTRUCTION CO., a Montana corporation, and City of Great Falls, Montana, a municipal corporation, Defendants.**

**No. CV 74–39–GF.**

United States District Court, D. Montana, Great Falls Division.

Nov. 18, 1974.

McKittrick & Duffy, Great Falls, Mont., for plaintiff.

Poore, McKenzie, Roth, Robischon & Robinson, Butte, Mont., for defendants.

## ORDER ON MOTION TO REMAND

RUSSELL E. SMITH, Chief Judge.

This cause is remanded as to Count I only to the District Court of the Eighth Judicial District of the State of Montana in and for the County of Cascade. As to Counts II and III jurisdiction is retained.

■■ The issues raised by Counts II and III are arbitrable under 29 U.S.C. § 185. See the order in Cause CV 74–32–GF entered this day. The defendant, therefore, has a right to arbitration under federal law and by virtue thereof a right to remove to a federal court. Avco Corp. v. Aero Lodge No. 735, 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968). The right was not defeated by the failure of the City of Great Falls to join. Counts II and III are not directed at the city, no relief under them is asked as to the city, and the subject matter of them does not concern the city. The claim against the city arises out of the alleged violation of a state statute and is not removable. Accordingly, under 28 U.S.C. § 1441(c) it was not necessary that the City of Great Falls join in the petition.[1] No removable claim was pleaded against the city and the case is for that reason to be distinguished from Manis v. North American Rockwell Corp., 329 F.Supp. 1077 (C.D.Cal.1971).

■ The failure of the petition for removal to cite Section 1441(c) does not render the petition defective. The statute, 28 U.S.C. § 1446(a), requires that the petition contain the facts. It does that and the court judicially notices the law.

Plaintiff shall have twenty (20) days within which to respond to defendant's motion to dismiss and other motions incorporated by reference.

---

1. "The general rule that all defendants must join in a petition of removal, though applicable to both joint and interrelated causes of action, does not apply to a cause of action which may be removed under the separate and independent claim or cause of action provision of § 1441(c). Thus when a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise nonremovable claims or causes of action, the defendant or defendants to the claim that is removable may file a petition to remove the entire case without the joinder of the defendant or defendants to the otherwise nonremovable cause of action. But if there are two separate and independent claims and both such claims are removable, then all the defendants to both claims must seek removal." 1A J. Moore & J. Wicker, Federal Practice, par. 0.168 [3.–2] at 453–54 (2d ed. 1974), (footnotes omitted).