Gus DiANTONIO, Plaintiff,

v.

The PENNSYLVANIA STATE UNIVER-
SITY, the Board of Trustees of the
Pennsylvania State University, and John
W. Oswald, Individually and as Presi-
dent of the Pennsylvania State Universi-
ty, Defendants.

Civ. A. No. 77–901.

United States District Court,
M. D. Pennsylvania.

Aug. 30, 1978.

Robert W. Barton, Killian & Gephart, Harrisburg, Pa., for plaintiff.

R. Mark Faulkner, Delbert McQuaide, State College, Pa., for defendants.

## MEMORANDUM

HERMAN, District Judge.

On September 9, 1977 Plaintiff, Gus DiAntonio, filed a complaint against Defendants, the Pennsylvania State University, the Board of Trustees of the Pennsylvania State University, and John W. Oswald,

individually and as President of Pennsylvania State University, in the Court of Common Pleas of Dauphin County, Pennsylvania. On September 30, 1977 Defendants filed a petition to remove the action to the United States District Court for the Middle District of Pennsylvania, and on October 10, 1977, Defendants filed a motion to dismiss certain causes of action asserted in the complaint. On October 12, 1977 Plaintiff filed a motion for remand to the Dauphin County Court of Common Pleas. By memorandum and order dated June 30, 1978 we ordered additional briefs on the question of derivative jurisdiction. Now that those briefs have been received the matters are ripe for disposition.

Plaintiff's complaint alleges claims arising under the Fourteenth Amendment to the Constitution of the United States, Title 42 of the United States Code, §§ 1983, 1985 and 1986, and Article I, § 11 of the Pennsylvania Constitution. Plaintiff seeks an order enjoining Defendants from terminating his employment at the Pennsylvania State University without first affording him due process of law, and Plaintiff further seeks compensatory damages for property rights allegedly taken from him by Defendants without due process of law. The events set forth as the basis of the claims are summarized in our memorandum and order of June 30, 1978.

## THE REMOVAL QUESTION

Defendants argue that this action is removable to federal court either under 28 U.S.C. § 1441(b) or under 28 U.S.C. § 1441(c).[1]

■ Section 1441(b) provides in pertinent part:

"Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. . . ."

This removal statute has been interpreted to allow removal of a state court action which could have been originally brought in federal court. *PAAC v. Rizzo,* 502 F.2d 306 (3d Cir. 1974), *cert. denied,* 419 U.S. 1108, 95 S.Ct. 780, 42 L.Ed.2d 804. Original jurisdiction in federal court does not mean exclusive jurisdiction, and existence of concurrent state and federal jurisdiction does not operate to defeat a defendant's right to removal to federal court. *Haun v. Retail Credit Co.,* 420 F.Supp. 859 (W.D.Pa.1976). However, the jurisdiction of the federal court on removal is derivative and therefore if the state court had no jurisdiction the federal court acquires none by removal. *Witherow v. Firestone Tire & Rubber Co.,* 530 F.2d 160 (3d Cir. 1976). State courts can exercise concurrent jurisdiction with the federal courts in cases arising under the Constitution, laws, and treaties of the United States where it is not excluded by express provision or by incompatibility in its exercise arising from the nature of the particular case. *Charles Dowd Box Co. v. Courtney,* 368 U.S. 502, 82 S.Ct. 519, 7 L.Ed.2d 483 (1962); See also, *Moran v. Paine, Webber, Jackson & Curtis,* 279 F.Supp. 573 (W.D.Pa.1967), aff'd 389 F.2d 242 (3d Cir.). Concurrent jurisdiction over actions arising under 42 U.S.C. § 1983 exists in the state and federal courts. *International Prisoners' Union v. Rizzo,* 356 F.Supp. 806 (E.D.Pa.1973). The same principles would apply to claims arising under 42 U.S.C. § 1985. It appears therefore that the Dauphin County Court of Common Pleas had subject matter jurisdiction over the federal claims asserted in Plaintiff's complaint.

■ The claims based upon 42 U.S.C. §§ 1983, 1985 and 1986 alleging violations of

---

1. Only 28 U.S.C. § 1441(c) was cited in the petition for removal, however 28 U.S.C. § 1441(b), as well as 28 U.S.C. § 1441(c), was advanced as a proper statutory basis for removal in the Defendants' brief. Removal can be sustained under 28 U.S.C. § 1441(b) although the removal petition did not cite that provision as a basis for removal. *International Union of Operating Engineers v. Sletten Construction Co.,* 383 F.Supp. 855 (D.Mont.1974); *Harlem River Produce Co. v. Aetna Casualty and Surety Co.,* 257 F.Supp. 160 (S.D.N.Y. 1965).

the Fourteenth Amendment could have been brought originally in federal court pursuant to 28 U.S.C. § 1343.[2] They are properly removed pursuant to 28 U.S.C. § 1441(b).

The parties have engaged in an extended discussion of the interpretation of 28 U.S.C. § 1441(c) and the meaning of a separate and independent claim or cause of action in light of *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 703 (1951).[3] Because the case is properly removed pursuant to 28 U.S.C. § 1441(b), we do not believe 28 U.S.C. § 1441(c) is applicable.

▆▆ Plaintiff also asserts a claim based upon Article I, Section 11 of the Pennsylvania Constitution. Assuming arguendo that one is possible, it would be in the nature of a pendent claim. A pendent state claim is one brought with a substantial federal claim that derives from a common nucleus of operative fact and is such that a plaintiff would ordinarily be expected to try them all in one judicial proceeding. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Plaintiff's claim is that his dismissal from employment at Pennsylvania State University was violative of the laws and Constitution of the United States, as well as the Pennsylvania Constitution. There appears to be a substantial federal claim which creates the power to hear the pendent state claim and it derives from a common nucleus of operative fact and the claim is such that a plaintiff could be expected to try it with the federal claims. However, once it has been determined that a federal court has been given the power to entertain a pendent state claim, there must be a consideration of whether in the exercise of its sound discretion the federal court ought to hear

the claim. *Mahone v. Waddle*, 564 F.2d 1018 (3d Cir. 1977). We believe it would be better for the state courts to determine the outlines of an action, if any, under Article I, Section 11 of the Pennsylvania Constitution and therefore we will remand the pendent state claim. *Moor v. County of Alameda*, 411 U.S. 693, 716, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973); *Remington v. Remington*, 393 F.Supp. 898, 902 (E.D.Pa.1975); *Samuel v. University of Pittsburgh*, 375 F.Supp. 1119 (W.D.Pa.1974).

## THE MOTION TO DISMISS

▆▆ Defendants have filed a motion to dismiss the complaint for failure to state a claim upon which relief may be granted with respect to those causes of action asserted under 42 U.S.C. §§ 1985 and 1986. We have already summarized the relevant facts alleged in the complaint. For purposes of considering a motion to dismiss the complaint the facts as asserted in the Plaintiff's complaint must be accepted as true. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Helstocki v. Goldstein*, 552 F.2d 564 (3d Cir. 1977).

Plaintiff avers that the Defendants have conspired among themselves and with others to deprive Plaintiff of a valuable property right without due process of law, thereby infringing Plaintiff's constitutional rights under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1985. Plaintiff also claims that Defendants had knowledge that Plaintiff was being deprived of his valuable property rights without due process of law and had the authority to prevent or aid in preventing such deprivation, neglected or refused to prevent such deprivation, and thereby violated 42 U.S.C. § 1986. Although Paragraph 37 of Plaintiff's complaint alleges, inter alia, that the acts complained of vio-

**2.** It is unclear whether Plaintiff is attempting to assert a separate claim based directly on the Fourteenth Amendment, which would be brought pursuant to 28 U.S.C. § 1331. See, *Mahone v. Waddle*, 564 F.2d 1018 (3d Cir. 1977).

**3.** 28 U.S.C. § 1441(c) provides:

"Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

**514**

lated 42 U.S.C. § 1985, it appears that the allegations of the complaint would support a cause of action, if at all, only under 42 U.S.C. § 1985(3).[4] That provision provides in relevant part:

"(3) If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory the equal protection of the laws . . in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators."

██ The complaint adequately sets forth the conduct of Defendants which has allegedly deprived Plaintiff of certain constitutional rights, however there is no allegation of some racial or otherwise class based, invidiously discriminatory animus behind the Defendants' actions. *Griffin v. Breckinridge*, 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971). This requirement has been recognized in the Third Circuit. *Hazo v. Geltz*, 537 F.2d 747 (3d Cir. 1976); *Keddie v. Pennsylvania State University*, 412

F.Supp. 1264 (M.D.Pa.1976). Accordingly, Plaintiff's complaint fails to state a claim under 42 U.S.C. § 1985(3).[5]

██ Failure to state a claim under 42 U.S.C. § 1985 requires dismissal of a claim founded upon 42 U.S.C. § 1986. This is so because a violation of 42 U.S.C. § 1986 derives from a violation of 42 U.S.C. § 1985. *Brawer v. Horowitz*, 535 F.2d 830, 841 (3d Cir. 1976); *Lohr v. Association of Catholic Teachers, Local 1776, et al.,* 416 F.Supp. 619 (E.D.Pa.1976).

For the above reasons, Plaintiffs claims asserted under 42 U.S.C. §§ 1985 and 1986 will be dismissed.

---

4. Subsection 1 of § 1985 relates to conspiracies to prevent persons from holding or accepting public office, or to impede or obstruct an officer in the discharge of his duties. Subsection 2 of § 1985 relates to conspiracies to obstruct justice.

5. We also note that 42 U.S.C. § 1985(3) which requires a conspiracy by two or more separate individuals has been held to not cover the collective judgment of two or more individuals of the same entity, such as a university. *Johnson v. University of Pittsburgh*, 435 F.Supp. 1328 (W.D.Pa.1977); *Keddie v. Pennsylvania State*

*University*, 412 F.Supp. 1264 (M.D.Pa.1976). Because we find no allegation in the complaint of class based discrimination we do not need to reach the question whether a conspiracy could have existed in this situation. However, the Third Circuit recently held that employes of a single corporation could conspire for purposes of 42 U.S.C. § 1985(3), *Novotny v. Great American Federal Savings & Loan Association,* —— F.2d —— (3d Cir. 1978, per Adams, J.), thus calling into question the University entity theory.