EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,

v.

GENERAL ELECTRIC COMPANY, a corporation, Defendant.

Civ. A. No. 73-C-23-L.

United States District Court,
W. D. Virginia,
Lynchburg Division.

Sept. 5, 1973.

William A. Carey and Charles F. Wilson, Attys., Gen. Counsel, Equal Employment Opportunities Commission, Washington, D. C., Delores Wilson, Stuart I. Saltman, Harain D. Figueroa, Jeffrey S. Rosen, and Mary Helen Chiodo, Attys., Regional Litigation Center, Philadelphia, Pa., for plaintiff.

Norman K. Moon, Edmunds, Williams, Robertson, Sackett, Baldwin & Graves, Raymond E. Baker, Lynchburg, Va., for defendant.

## MEMORANDUM AND ORDER

TURK, Chief Judge.

This is a civil rights action authorized and instituted pursuant to Section 706 (f)(1) and (3) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., as amended, and jurisdiction of this court is invoked pursuant to 28 U.S.C. § 451, 1343 and 1345.

In its complaint, the Equal Employment Opportunity Commission has charged the Defendant, General Electric Company, of intentionally engaging in discriminating employment practices based on race and sex in violation of the Civil Rights Act of 1964, Title VII.

This matter is presently before the court on a motion by the defendant for a more definite statement filed under

Rule 12(e) of the Federal Rules of Civil Procedure. Defendant has requested that plaintiffs be required to describe the charges of discrimination referred to in complaint with reference to names, dates, and charges or allegations of discrimination, to specify the type of alleged discrimination, and to set forth the efforts made by the Commission to reach voluntary compliance.

The pertinent part of F.R.C.P. Rule 12(e) provides as follows:

"(e) If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, he may move for a more definite statement before interposing his responsive pleading. . . ."

Rule 12(e), which authorized the motion for a more definite statement, must be read in conjunction with Rule 8, which establishes the general rules or guidelines for pleadings. Rule 8(a) makes three elements mandatory in a complaint: (1) A statement of the grounds upon which jurisdiction of the court depends, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment. Once a complaint meets these requirements, the defendant is put on notice of the nature of plaintiff's claim.

■ The motion for a more definite statement is restricted to pleadings so vague or ambiguous that the opposing party could not frame an appropriate response.

■ It is the opinion of the court that plaintiff's complaint judged by the standards set forth in Rule 12(e), is sufficient to require General Electric to respond and that the particular information which the defendant seeks at this time would not be necessary or requisite for the framing of a responsive pleading. The court feels that the defendant can discover the facts on which the plaintiff bases its claim by the discovery devices of Rules 26 thru 37.

Accordingly, it is adjudged and ordered as follows:

(1) That defendant's motion for a more definite statement be, and the same hereby is, denied.

(2) The defendant will file responsive pleadings within twenty (20) days from the receipt of a copy of this Order.