Dennis **ROUTH**, Plaintiff,

v.

**CITY OF PARKVILLE, MISSOURI, and S.L. Burton**, Defendants.

No. 82–6071–CV–SJ.

United States District Court, W.D. Missouri, St. Joseph Division.

March 6, 1984.

James M. Yeretsky, Niewald, Waldeck, Norris & Brown, Kansas City, Mo., for plaintiff.

Michael Hufft and John Fox, Kansas City, Mo., for defendants.

## MEMORANDUM AND ORDER

SACHS, District Judge.

This civil rights suit under 42 U.S.C. § 1983 was initially brought in state court and removed by defendants to this court. Plaintiff seeks a remand, asserting that he has been given an option to use the state courts and has the right to maintain his

action there. State and federal courts have concurrent jurisdiction over § 1983 cases.

Several distinguished judges have followed the rule that "where Congress has provided for concurrent jurisdiction in state and federal courts, the claim may be asserted in either court and removal on the basis of federal question jurisdiction is precluded." *Salveson v. Western States Bankcard Ass'n,* 525 F.Supp. 566, 573 (N.D.Cal.1981). See *Young v. Board of Education of Fremont County School District, RE–3,* 416 F.Supp. 1139 (D.Colo. 1976) (civil rights case); *Jones Store Co., Inc. v. Hammons,* 424 F.Supp. 494, 496–7 (W.D.Mo.1977) (relying on *Johnson v. Butler Bros.,* 162 F.2d 87 (8th Cir.1947)).

This court would probably favor a remand in a case of this nature but cannot find, as it must under the current statute, that Congress has "expressly provided" against removal in this type of concurrent jurisdiction case. 28 U.S.C. § 1441(a). Most of the decisions in comparable litigation sanction removal and rule against remand. *Avco Corp. v. Aero Lodge 735,* 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968); *Nieves v. Deshler,* 561 F.Supp. 1173 (D.P.R.1983); *Colin K. v. Schmidt,* 528 F.Supp. 355 (D.R.I.1981); *McConnell v. Marine Engineers Beneficial Ass'n,* 526 F.Supp. 770 (N.D.Cal.1981); *Harper v. National Flood Insurers Ass'n,* 494 F.Supp. 234 (M.D.Pa.1980). See 14 Wright, Miller & Cooper, *Fed.Prac. & Proc.,* § 3729, page 252 (1983 Pocket Part). ("The fact that Congress has granted concurrent jurisdiction in its statutes does not imply that removal is prohibited under those provisions"). Even if an intent to prohibit removal may be fairly *implied* in such cases, as the Eighth Circuit held in *Johnson v. Butler,* supra, it stretches current statutory language past the breaking point to hold that the granting of concurrent jurisdiction *expressly* prohibits removal. Thus the removal was in compliance with § 1441(a) and the motion to remand must be DENIED.