Delbert HARTSHORN, by his next
friend, David Anthony
SADE, Plaintiff,

v.

David C. HEYDINGER, Director of the
West Virginia Department of Health;
Barbara Martin, Superintendent of
Spencer State Hospital; Danis Soylu,
M.D., Medical Director of Spencer State
Hospital; Joseph Carrier, Ph.D., Clini-
cal Director of Spencer State Hospital;
Loren Atkinson, R.N., Director of Nurs-
ing at Spencer State Hospital, Defend-
ants.

Civ. A. No. A:86–0985.

United States District Court,
S.D. West Virginia,
Parkersburg Division.

Nov. 4, 1986.

William F. Byrne, Morgantown, W.Va., John M. Hedges, Charleston, W.Va., for plaintiff.

Charles G. Brown, Barbara Freedy and J. Bradley Russell, Atty. General's Office, Charleston, W.Va., F. Richard Hall and James M. O'Brien, Davis, Bailey, Pfalzgraf & Hall, Parkersburg, W.Va., for defendants.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending is the Defendants' motion to dismiss filed September 29, 1986. Upon considering the matters raised by the Defendants and the response given by the Plaintiff, the Court GRANTS the Defendants' motion to dismiss, and the Plaintiff's complaint is dismissed without prejudice.

The Plaintiff, by his next friend David Anthony Sade, filed a complaint making claims for damages and injunctive relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343 and, as well, seeks relief on pendant state claims. Hartshorn, who is mentally retarded, resides at Spencer State Hospital, in Roane County, West Virginia. The Defendant David C. Heydinger is Director of the West Virginia Department of Health, and the other Defendants are employed at Spencer State Hospital. The Plaintiff alleges that each of these Defendants has failed to supervise and rehabilitate the Plaintiff in the manner required by federal

and state law. The Plaintiff's first claim cites four categories of wrongful conduct: (1) failing to properly supervise the Plaintiff; (2) failing to take precautions to protect the Plaintiff from injury from others; (3) failing to take adequate corrective action for misconduct of subordinate employees at the State Hospital; and (4) depriving the Plaintiff of his liberty by secluding him. The Plaintiff's second claim for relief seeks to enforce those requirements imposed by the consent decree entered in *E.H. v. Matin,* currently pending in the Circuit Court of Kanawha County, West Virginia, Case No. 81–Misc–585. Thirdly, the Plaintiff charges Defendants Soylu, Carrier and Atkinson with malpractice.

For relief, the Plaintiff seeks compensatory damages in the amount of $250,000 for injuries suffered as a result of the Defendants' failures as indicated above. Also, the Plaintiff seeks an order directing Defendant Heydinger "to fund remedial measures necessary to undo past constitutional deprivations and prevent such future deprivations, and direct that the Plaintiff be given adequate treatment and training in the least restrictive setting appropriate to his needs."

This action is also governed by a state proceeding, *E.H. v. Matin.* The Court has reviewed the final order and consent decree entered into in that action, and a letter from the court monitor for the Circuit Court of Kanawha County, which have been provided as exhibits to the parties' briefs. The consent decree, which is 312 pages long, covers a broad range of mental health care standards applicable to state mental health institutions, including Spencer State Hospital, where the Plaintiff resides. The consent decree is entitled the "West Virginia Behaviorial Health Care Delivery System Plan" (the "Plan").

The Defendant moved to dismiss this complaint on two grounds. First, the Defendants argue that this Court should abstain from hearing this action; and second, the Defendants assert the Plaintiff's claims are barred by the Eleventh Amendment to the United States Constitution.

Abstention questions are decided with a balancing approach beginning with a presumption against abstention and requiring a clear justification before exercising discretion to abstain. *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 818–19, 96 S.Ct. 1236, 1246–47, 47 L.Ed.2d 483 (1976); *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 14–16, 103 S.Ct. 927, 936–37, 74 L.Ed.2d 765 (1983). The cases reveal three prototypical situations which indicate the propriety of abstention. First, abstention may be appropriate where a case presents a federal constitutional issue which could be mooted or presented in a different posture by a determination of state law. *Colorado River Water Conservation District,* 424 U.S. at 814, 96 S.Ct. at 1244; *County of Allegheny v. Frank Mashuda Co.,* 360 U.S. 185, 190, 79 S.Ct. 1060, 1063, 3 L.Ed.2d 1163 (1959); *Railroad Commission of Texas v. Pullman Co.,* 312 U.S. 496, 501, 61 S.Ct. 643, 645, 85 L.Ed. 971 (1941). In deciding the constitutional rights of mental health patients, as in all cases, federal courts are reluctant to reach constitutional issues. *Mills v. Rogers,* 457 U.S. 291, 305, 102 S.Ct. 2442, 2451, 73 L.Ed.2d 16 (1982).

A second situation where abstention has been held proper is in those cases presenting difficult questions of state law and bearing upon policy problems of substantial import which transcend the result in the case at bar. *Louisiana Power and Light Co. v. City of Thibodaux,* 360 U.S. 25, 79 S.Ct. 1070, 3 L.Ed.2d 1058 (1960). This type of abstention is also appropriate where there exists a detailed state statutory scheme and there is a state interest in unified decision making. *Burford v. Sun Oil Co.,* 319 U.S. 315, 327, 63 S.Ct. 1098, 1104, 87 L.Ed. 1424 (1943).

A third fact pattern indicating the propriety of abstention arise where there is a parallel state proceeding at the time the federal action is instituted. *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). This type of abstention

is most appropriate where the Plaintiff in the federal action seeks to enjoin or restrain some criminal or disciplinary action being taken by the state. *Middlesex County Ethics Committee v. Garden State Bar Association,* 457 U.S. 423, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982). Nevertheless, as illustrated by *Colorado River* and *Moses H. Cone Memorial Hospital,* the mere existence of a parallel state proceeding does not make abstention appropriate.

In the instant case, Hartshorn's claims directly relate to standards announced in a 312–page consent decree, the Plan, entered by the Circuit Court of Kanawha County, in *E.H. v. Matin,* Circuit Court of Kanawha County, 81–Misc–585. The Plan is a comprehensive and state-wide program for bringing West Virginia's mental health institutions up to standards deemed appropriate by the State. The role of the Plan, and the court monitor whose purpose it is to manage claims arising under the Plan, causes this Court some concern. Attached as Exhibit A to the Plaintiff's memorandum in response to the Defendants' motion is an undated letter authored by the court monitor. In this letter, the court monitor indicates that she would be unwilling to consider individual claims for retroactive relief founded upon violations of the plan. She further indicated that she would not consider prospective relief as it related to claims based on the state and federal constitutions. Also, the Court monitor's description of her duties does not span the range of relief obtainable from the Kanawha County Circuit Court.

Whatever the legal consequence of the court monitor's opinions expressed in that letter the final order approving the consent decree shows that the Kanawha County Circuit Court intends to exercise continuing jurisdiction over matters such as those raised by this complaint.

The Court has reviewed the complaint to determine what parts of it, if any, are governed by the Plan. On review of the complaint and the Plan, the Court observes as follows:

1. The Plaintiff's claim that the Defendants failed to protect him against other residents and failed to prevent him from harming himself is covered by the Plan at pp. 2–153–155.

2. The Plaintiff's complaint that the Defendants failed to provide him with an interdisciplinary team which met and acted as required by state law is covered by the Plan at section 2.01.01, *et seq.*

3. The Plaintiff's complaint that the Defendants failed to appropriately assess him, provide him with an individual program Plan, and provide him with appropriate hours of program activity, is covered by the Plan at section 2.01.01, *et seq.* at pp. 2–5 through 2–20.

4. The Plaintiff's complaint that he was not provided with appropriate one-to-one training as needed is covered by the Plan at section 4.09.02(4).

5. The Plaintiff's complaint that the Defendants failed to provide him with appropriate recreation is covered by the Plan at section 4.11.

6. The Plaintiff's complaint that the Defendants failed to provide him with appropriate training and education is covered by the Plan at 4.12.

7. The Plaintiff's complaint that the Defendants failed to provide him with the appropriate behavior management program is covered by the Plan at section 4.13.

8. The Plaintiff's contention that the Defendants caused him to be secluded in violation of "law and regulation" is covered by the Plan at page 2–34.

9. The Plaintiff's complaint regarding handling of documents by the Defendants is governed by the Plan at section 2.02.04.

█ The Court concludes that all matters substantively raised by the Plaintiff intimately involve the provisions of the state Plan.

In considering the propriety of abstention the Court considers the comity to be extended to the Kanawha County Circuit

Court in the enforcement of its own consent decree. The final order adopting the consent decree indicates that the Kanawha County Circuit Court anticipates adjudicating issues as they arise during the implementation of the Plan. Further, after reviewing *Youngberg v. Romeo,* 457 U.S. 307, 102 S.Ct. 2452, 73 L.Ed.2d 28 (1982), it is apparent the proposed protections envisioned by the Plan are more far reaching and detailed than the federal constitutional protections afforded mental health patients. Notably, the Plaintiff does not challenge the constitutionality of the protections afforded by the consent decree; rather he seeks to rely upon it as providing the substantive standards for relief.

The Court concludes that the instant case is similar to the principles enunciated in *Burford v. Sun Oil Co.* in that the State has established and continues to define a comprehensive set of guidelines to protect the interests of mental health patients. Such demonstrate the State's interest in comprehensive and unitary decision making. Also, the Kanawha County Circuit Court, if permitted to proceed unhampered in its enforcement of the consent decree, may choose to change the posture of this case or avoid the necessity of ruling on federal due process issues. Lastly, the West Virginia Supreme Court and the Circuit Court of Kanawha County have articulated a substantial state policy interest in the maintenance of high quality mental health care in the state's institutions maintained to provide health care. Thus, the impact of prospective rulings on Hartshorn's claims may transcend his case and further impact on the workability and comprehensiveness of the Plan. The Court considers the letter in which the court monitor states that she does not intend to consider claims for retroactive relief to be of minor import to the resolution of the pending motion. The important consideration for the Court is the detail and breadth of the state consent decree. Whether the matter must go before a court monitor first or whether it should be presented initially to the Circuit Court does not change the analysis. The fact remains that there exists a comprehensive and detailed state scheme which may be undercut by concurrent federal court scrutiny. Accordingly, the Court is of the opinion that abstention is appropriate.

The Defendants also raise the Eleventh Amendment bar to, federal litigation citing *Pennhurst State School and Hospital v. Halderman,* 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). *Pennhurst* holds that federal courts do not have subject matter jurisdiction to enjoin state officials to perform duties imposed by *state* law. The Plaintiff explicitly relies on state law to support a large part of his claimed relief. The first claim for relief implicitly requests the Court enjoin state officials to perform acts they are required to perform on the basis of *E.H. v. Matin,* and second claim for relief expressly requests that the Court rely on state law. The third claim seeks damages for malpractice allowable under state law.

■ Therefore, insofar as the Plaintiff claims injunctive relief against state officials to prohibit them from violating the requirements of state law, the Plaintiff's cause of action is barred by the Eleventh Amendment and the *Pennhurst* decision.

■ While abstention and the Eleventh Amendment bar require disposal of claims arising under the first and second claims for relief (paragraphs 15 and 16 of the complaint), they do not directly implicate the Plaintiff's third claim for relief, (paragraph 17 of the complaint), charging malpractice against the mental health professionals named in the Plaintiff's complaint.* These malpractice claims obviously do not present an independent basis for the exercise of federal jurisdiction, though they are assertable under the pendant jurisdiction

---

* That is not to say that the malpractice claims do not raise Eleventh Amendment problems; rather, the principle is that the Court is not required to address the issue of whether these malprac-tice claims in essence constitute a proceeding against the state because the exercise of pendant jurisdiction is discretionary with the Court.

doctrine of *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). *Gibbs* holds that retention of pendant jurisdiction after disposition of federal claims is discretionary. This Court chooses to exercise its discretion not to consider these pendant state claims in view of the amount of time the action has been pending in this Court and because of the previously discussed state interests in the subject matter.

Accordingly, the Defendants' motion to dismiss is granted and the Plaintiff's complaint will be dismissed without prejudice.