Stanley J. Niego, Office of Counsel, West Palm Beach, Fla., for defendant.

**Russell SPENCER, Plaintiff,**

v.

**SOUTH FLORIDA WATER MANAGE-MENT DISTRICT, Defendant.**

**No. 86–8294–CIV–EPS.**

United States District Court,
S.D. Florida,
Miami Division.

Dec. 31, 1986.

### ORDER AND MEMORANDUM OPINION DENYING PLAINTIFF'S MOTION TO REMAND

SPELLMAN, District Judge.

This CAUSE came before the Court on Plaintiff's motion to remand. This case arises out of a civil rights claim brought pursuant to 42 U.S.C. § 1983. Because United States District Courts exercise original jurisdiction over actions brought under this statute, this Court finds that removal was proper in this case and that a remand

would run counter to the congressionally authorized removal privileges. *Routh v. City of Parkville*, 580 F.Supp. 876, 877 (W.D.Mo.1984).

■ Plaintiff argues that because both state and federal courts possess concurrent jurisdiction over § 1983 cases, the Plaintiff, in such a case, should be permitted to be the master of his own claim and a court allow the action to proceed in the original choice of forum. Plaintiff contends that the removal of this case to federal court, absent a compelling reason, is improper because it denies the Plaintiff the right to select his preferred forum of adjudication. This Court disagrees with this reading of the federal removal statute, and therefore it is hereby

ORDERED AND ADJUDGED that the motion to remand this case back to the state court of its origin is DENIED.

■ The Plaintiff's reliance on the significance of both state and federal courts exercising concurrent jurisdiction over matters affecting civil rights legislation is not the relevant standard for applying federal removal procedures. The mere fact that concurrent jurisdiction exists under this statute does not prohibit a defendant from properly removing a case to federal court so long as the main requirement under the federal removal statute, 28 U.S.C. § 1441(a), is met; namely, that the district court have *original* jurisdiction over the matter, regardless of which court the complainant initiated the action first. *DiAntonio v. Pennsylvania State University*, 455 F.Supp. 510, 512 (M.D.Pa.1978).

■ In this case, the Court has original jurisdiction over the statute under review. Some federal courts have ruled that "where Congress has provided for concurrent jurisdiction in state and federal courts, the claim may be asserted in either court and removal on the basis of federal question jurisdiction is precluded." *Salveson v. Western States Bankcard Ass'n*, 525 F.Supp. 566, 573 (N.D.Cal.1981); *cited in Routh v. City of Parkville*, 580 F.Supp. 876, 877 (W.D.Mo.1984). This Court, however, tends to agree with an entirely different line of cases that recognize that removal, if proper in the first instance, should not

be disturbed unless Congress has "expressly provided" against removal under these particular circumstances. *Routh*, 580 F.Supp. at 877 (citing *Avco Corp. v. Aero Lodge 735*, 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968); *Nieves v. Deshler*, 561 F.Supp. 1173 (D.P.R.1983); *Colin K. v. Schmidt*, 528 F.Supp. 355 (D.R.I.1981); *McConnell v. Marine Engineers Beneficial Ass'n*, 526 F.Supp. 770 (N.D.Cal.1981); *Harper v. National Flood Insurers Ass'n*, 494 F.Supp. 234 (M.D.Pa.1980)).

For this Court to allow the Defendant to remand the case and effectively overturn the Defendant's otherwise lawful removal to federal court would essentially render meaningless the federal removal statute, which contemplates the use of removal procedures when the district court can properly exercise original jurisdiction over the matter in dispute. This is certainly not a case where the Plaintiff can argue that the exercise of removal jurisdiction under these circumstances was granted either improvidently or without jurisdiction. *See Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 342, 96 S.Ct. 584, 588, 46 L.Ed.2d 542 (1976) (quoting 28 U.S.C. § 1447(c)).