Luellen G. HUMMEL, Plaintiff,

v.

KAMEHAMEHA SCHOOLS/BERNICE PAUAHI BISHOP ESTATE; William S. Richardson, Henry H. Peters, Matsuo Takabuki, Myron B. Thompson, and Richard Lyman, Jr., Trustees of the Estate of Bernice Pauahi Bishop, Kamehameha Schools; Michael J. Chun, President of Kamehameha Schools/Bernice Pauahi Bishop Estate; Anthony J. Ramos, individually and in his capacity as Principal of Kamehameha Schools/Bernice Pauahi Bishop Estate; Wanda Porter, individually and in her capacity as Chair of the English Department, Kamehameha Schools/Bernice Pauahi Bishop Estate; Harriet Brundage, individually and in her capacity as a Teacher in the English Department, Kamehameha Schools/Bernice Pauahi Bishop Estate; Gary Obrecht, individually and in his capacity as a Teacher in the English Department, Kamehameha Schools/Bernice Pauahi Bishop Estate; John Does 1–10; Jane Does 1–10; Doe Business Entities 1–10; Doe Corporations 1–10; Doe Partnerships 1–10; Doe Unincorporated Organizations 1–10; and Doe Governmental Agencies 1–10, Defendants.

Civ. No. 89–00434 DAE.

United States District Court,
D. Hawaii.

Jan. 2, 1990.

Elizabeth Jubin Fujiwara, Ronald T. Fujiwara, Fujiwara & Fujiwara, Honolulu, Hawaii, for plaintiff.

Ronald Y.K. Leong, Dale W. Lee, Frederick R. Troncone, Kobayashi Watanabe Sugita Kawashima & Goto, Honolulu, Hawaii, for defendant.

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO REMAND

DAVID A. EZRA, District Judge.

Plaintiff's Motion to Remand and Objection to Removal came on for hearing before this court on December 4, 1989. Elizabeth Jubin Fujiwara, Esq. appeared on behalf of plaintiff, and Ronald Leong, Esq. appeared on behalf of defendants. The court having reviewed the motion and the memoranda in support thereof and in opposition thereto, having heard oral arguments of counsel, and being fully advised as to the premises herein, grants in part and denies in part plaintiff's motion.

### I. BACKGROUND

Plaintiff Luellen G. Hummel ("Hummel") was terminated from her employment at defendant Kamehameha Schools on or about June 16, 1988. On July 6, 1988, she filed a workers' compensation claim alleging that she suffered a "compensable" work injury in a car accident which occured on May 6, 1981. On July 19, 1988, she filed a charge with the Hawaii Department of Labor ("DLIR") under § 378–33 alleging that she was discharged solely because she suffered a "compensable" work injury in violation of HRS § 378–32(2). On May 18, 1989, plaintiff filed her complaint in Hawaii circuit court, alleging several violations of both state and federal law arising out of her discharge.

A majority of plaintiff's claims are based solely on Hawaii state law. These claims include, *inter alia*, breach of contract, violation of the Hawaii Equal Rights Amendment, age discrimination, sexual harassment, malicious discharge, and unlawful termination for a work related injury in violation of HRS § 378–32(2).

Plaintiff also asserts federal claims based on violations of 42 U.S.C. §§ 1983 and 1985 and the United States Constitution. She states similar claims based on the Hawaii State Constitution.

On June 7, 1989, defendants removed this case to federal court pursuant to 28 U.S.C. § 1441 asserting that this court has original jurisdiction over plaintiff's 42 U.S.C. §§ 1983 and 1985 claims.

Plaintiff now contends that this case was improperly removed and moves this court to remand the action to state court pursuant to 28 U.S.C. § 1447(c). Defendants oppose plaintiff's motion arguing that removal was proper.

### II. DISCUSSION

A defendant may remove a civil action brought in state court to the district court pursuant to 28 U.S.C. § 1441 if the district court has original jurisdiction over the subject matter. An entire case may be removed to district court, including non-removable claims, if the non-removable claims are joined with a "separate and independent claim ... which would be removable if sued upon alone." 28 U.S.C. § 1441(c). The court may, however, in its discretion remand "all matters not otherwise within its original jurisdiction." *Id.*

■ Plaintiff asserts claims under the United States Constitution and the civil rights statutes which are within this court's original jurisdiction and are generally removable pursuant to 28 U.S.C. §§ 1441, 1331, and 1343.[1]

---

1. The court is not persuaded by plaintiff's argument that claims which are within the concurrent jurisdiction of both state and federal courts are not removable. Plaintiff relies on *Salveson v. Western States Bankcard Ass'n,* where the district court stated as follows:

where congress has provided for concurrent jurisdiction in state and federal courts, the claim may be asserted in either court and removal on the basis of federal question jurisdiction is precluded.

525 F.Supp. 566, 573 (N.D.Cal.1981), *aff'd in part and rev'd in part on other grounds,* 731 F.2d

Plaintiff also asserts, however, a claim under HRS § 378–32(2) which provides as follows:

> It shall be unlawful for any employer to suspend, discharge, or discriminate against any of the employer's employees:
>
> .    .    .    .    .
>
> (2) Solely because the employee has suffered a work injury which arose out of and in the course of the employee's employment with the employer and which is compensable under chapter 386 [workers' compensation law] unless the employee is no longer capable of performing the employee's work as a result of the work injury and the employer has no other available work which the employee is capable of performing.

Plaintiff argues that defendants improperly removed this action since 28 U.S.C. § 1445(c) prohibits removal of actions arising under state workers' compensation laws.

### 1. The Merits of Plaintiff's HRS § 378–32(2) Claim

In opposition to plaintiff's motion to remand, defendants request this court consider the merits of plaintiff's state claim for retaliatory discharge. Defendants seek to justify their removal by arguing that plaintiff's claim under HRS § 378–32(2) is not timely filed, not properly filed in state or federal court, and logically untenable.

Whether or not plaintiff's cause of action for a violation of HRS § 378–32(2) should be dismissed is not properly before this court. The court declines to treat defendants' opposition to this motion as, in ef-

fect, a motion to dismiss. As defendants conceded in their brief "... the Court is not in the best posture at this point in the proceedings to make final factual findings with regard to Plaintiff's retaliatory discharge claim ..." See Defendants' Memorandum in Opposition to Plaintiff's Motion to Remand, p. 12.

Therefore, the court's focus is on whether removal was proper. The court does not consider the merits of plaintiff's retaliatory discharge claim, but looks only to the face of her complaint.

### 2. Application of 28 U.S.C. § 1445(c)

28 U.S.C. § 1445(c) provides as follows:

> A civil action in any State court arising under the workers' compensation laws of such State may not be removed to any district court of the United States.

■ The first issue before the court is whether plaintiff's claim under HRS § 378–32(2) "arises under" Hawaii workers' compensation laws for purposes of 28 U.S.C. § 1445(c).

28 U.S.C. § 1445(c) was in part a result of Congress' intent to limit the diversity jurisdiction of the federal courts in workers' compensation cases. *Baldracchi v. Pratt & Whitney Aircraft Div.*, 814 F.2d 102, 107 (2d Cir.1987), *cert. denied*, 486 U.S. 1054, 108 S.Ct. 2819, 100 L.Ed.2d 920. Congress was also concerned that the removal of workers' compensation cases would acquire the application of federal procedural rules that could work to the detriment of the injured worker. Hence, its intent was "not to interfere with state

1423 (9th Cir.1984). Although the issue was not addressed on appeal to the Ninth Circuit, other courts have rejected this assertion, holding that 42 U.S.C. § 1983 claims may be removed despite the concurrent jurisdiction of the state and federal courts. *Dorsey v. City of Detroit*, 858 F.2d 338 (6th Cir.1988); *California Republican Party v. Mercier*, 652 F.Supp. 928 (C.D.Cal.1986). The Sixth Circuit Court of Appeals stated in *Dorsey* as follows:

Congress has said in 28 U.S.C. § 1441(a) that except where otherwise expressly provided by statute, "any" civil action of which the federal district courts have original jurisdiction may be removed. Section 1983 actions are not included among the nonremovable actions

listed in 28 U.S.C. § 1445, and no other statute provides, expressly or otherwise, that § 1983 actions are nonremovable. The weight of judicial authority supports the conclusion that "a Congressional grant of concurrent jurisdiction in a statute does not imply that removal is prohibited." (Citations omitted.)

858 F.2d at 340. *See also Pueblo International, Inc. v. De Cardona*, 725 F.2d 823, 827 (1st Cir. 1984) ("Read as appellants wish to read the language [of *Salveson*]—to mean that removal is precluded whenever a federal right is enforceable in a state court (as well as in federal court)—the language would mean the end of federal question removal jurisdiction.")

protection of workers' compensation rights." *Id.*

Virtually all of the district courts which have addressed this issue have held that claims for retaliatory discharge arise under the workers' compensation laws of their respective states. *See Soto v. Tonka Corporation,* 716 F.Supp. 977, 978 (W.D.Tex. 1989); *Wallace v. Ryan–Walsh Stevedoring Co., Inc.,* 708 F.Supp. 144 (E.D. Tex 1989); *Alexander v. Westinghouse Attman Nucken, Inc.,* 612 F.Supp. 1118 (D.Ill. 1985); *Roberts v. Citicorp Diners Club, Inc.,* 597 F.Supp. 311, 311–15 (D.Md.1984); *Thomas v. Kroger Co.,* 583 F.Supp. 1031, 1035–37 (S.D. W.Va.1984).

The Hawaii Supreme Court recently discussed the background of HRS § 378–32(2) as follows:

The protections outlined in HRS § 378–32(2) were enacted originally as part of the Hawaii Workers' Compensation Law when a general revision of the law was approved in 1963. But in 1970 a legislative perception that the Workers' Compensation Division was "neither concerned with [investigation] nor staffed to carry on an enforcement program" resulted in a repeal of the provisions, then codified in HRS § 386–141, and the reenactment of "similar provisions into Part III of Chapter 378, which governs employment practices." Stand.Comm.Rep. No. 253–70, in 1970 House Journal, at 859. The underlying purpose of the repeal and reenactment was to place "responsibility where it properly belong[ed]." *Id.* at 860. (Footnotes omitted.)

*Flores v. United Airlines, Inc.,* 70 Haw. 1, 9, 10, 757 P.2d 641 (1988).

The legislative committee report further states as follows:

However appropriate these provisions may be, they are inappropriately part of the Workmen's [sic] Compensation Law, the Workman's [sic] Compensation Division being principally concerned with determining entitlement to benefits by injured employees thereunder. On the other hand, the Labor Law Enforcement Division is principally concerned with investigation and prosecution of unlawful employment practices.

Stand.Comm.Rep. No. 253–70, *supra.*

■ The mere fact that a statute has or has not been codified as part of the workers' compensation chapter is not determinative of whether a claim filed under it is one "arising under the workers' compensation laws" for purposes of 28 U.S.C. § 1445(c). *See Thomas,* 583 F.Supp. at 1036. It is clear that the legislature's concern in removing HRS § 378–32(2) from the workers' compensation chapter and placing it in the employment practices chapter had to do primarily with which administrative body should enforce such claims.

In *Puchert v. Agsalud,* 67 Haw. 25, 35, 677 P.2d 449 (1984), the Hawaii Supreme Court addressed whether a plaintiff's claim under HRS § 378–32(2) was time-barred pursuant to HRS § 378–33(b). The Court stated as follows:

The purpose of the statute is to preserve the integrity of the workers' compensation law by protecting employees from *retaliatory discharges.* If an employer could, with impunity, coerce an employee into foregoing his rights, the employer would be able to destroy the function of the law and circumvent an obligation imposed upon him by the legislature. (Emphasis added; citations omitted.)

\* \* \* \* \* \*

... this court has long recognized the remedial character of the workers' compensation statutes and has construed them liberally to effectuate their beneficient purposes.... Since the legislative intent of HRS § 378–32(2) is to protect claimants under our workers' compensation law, the time limits established ... should be liberally construed ...

*Id.* at 36, 677 P.2d 449.

This court is persuaded by the Hawaii Supreme Court's characterization of a retaliatory discharge claim as well as the reasoning of the several other district courts which have treated retaliatory discharge claims as "arising under" workers' compensation laws. The purpose of HRS § 378–32(2) is to protect claimants under the workers' compensation law and thus it

is "an integral, even essential, component of the legislatively created workmen's compensation scheme." *Thomas*, 583 F.Supp. at 1037.

Therefore, this court finds that a claim under HRS § 386–32(2) "arises under" the Hawaii workers' compensation laws and is non-removable pursuant to 28 U.S.C. § 1445(c).

### 3. *28 U.S.C. § 1441(c)*

■ The next question which must be addressed is whether this court may still assert jurisdiction under 28 U.S.C. § 1441(c) which provides as follows:

> Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

Having found that the retaliatory discharge claim is otherwise non-removable, the court must determine whether the federal claims are "separate and independent" such that the entire case is removable pursuant to 28 U.S.C. § 1441(c).[2]

■ A claim is not "separate and independent" if it arises from a single wrong. *American Fire and Casualty Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1197 (9th Cir.1988). Plaintiff's non-removable state law claims and her claims under 42 U.S.C. §§ 1983 and 1985 all arise from a single alleged wrong—the termination of her employment with Kamehameha Schools. All of her claims arise from substantially the same set of facts; therefore, her removable federal claims are not "separate and independent" from her state claims.

Accordingly, the court finds plaintiff's state law claims are not providently removable under 28 U.S.C. § 1441(c).

### 4. *Pendent Jurisdiction*

■ Defendants next argue that even if plaintiff's claims are not removable pursuant to 28 U.S.C. § 1441(c), removal was proper pursuant to 28 U.S.C. § 1441(b) and the doctrine of pendent jurisdiction.[3] The question before the court is whether defendant may accomplish removal pursuant to 28 U.S.C. § 1441(b) even though it is not permissible under 28 U.S.C. § 1441(c).

■ The doctrine of pendent jurisdiction allows removal of an entire action where the plaintiff presents substantial federal claims together with state law claims which arise "from a common nucleus of operative facts." *United Mine Workers' of America v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); *see Nabors v. City of Arlington, Texas*, 688 F.Supp. 1165 (E.D. Tex.1988). This is a doctrine of discretion, however, and the court need not exercise pendent jurisdiction where considerations of judicial economy, convenience and fairness to litigants dictate otherwise. *Gibbs*, at 1139.

Defendants assert that plaintiff's state causes of action, which include, *inter alia*, claims for breach of contract, age discrimination, sexual harassment, and malicious discharge, and her federal claims are derived from a "common nucleus of operative fact." Consequently, defendants assert that this court should exercise pendent jurisdiction over all of plaintiff's state law claims, including her claim for retaliatory discharge. In support of this argument defendants urge this court to adopt the reasoning of the district court in *Nabors v. City of Arlington, Texas*, 688 F.Supp. 1165 (E.D.Tex.1988).

---

**2.** Although 28 U.S.C. § 1445 prohibits removal of claims arising under state workers' compensation laws, if plaintiff has asserted "seperate and independent" removable claims, 28 U.S.C. § 1445 does not work to prohibit removal under 28 U.S.C. § 1441(c). *See Samczyk v. Chesapeake*

*& Ohio Ry. Co.*, 643 F.Supp. 79 (E.D.Mich.1986); *Nabors*, 688 F.Supp. at 1168.

**3.** The court notes, however, that defendant's petition for removal cites only 28 U.S.C. § 1441(c) as a basis for removal of the entire action.

In *Nabors,* the District Court of the Eastern District of Texas held that the doctrine of pendent jurisdiction allowed the removal of a retaliatory discharge claim which was joined with a 42 U.S.C. § 1983 claim arising out of the same incident, despite its nonremovability pursuant to 28 U.S.C. § 1445(c). 688 F.Supp. at 1169, 1170. Under facts similar to the instant case, the district court held that what was not removable pursuant to 28 U.S.C. § 1441(c) was nonetheless removable pursuant to 28 U.S.C. § 1441(b) and the court's pendant jurisdiction. The court found that the policy behind 28 U.S.C. § 1445(c) of restricting removal of diversity cases was not implicated since no diversity existed.[4] *Id.* at 1169. The court also noted that plaintiff's retaliatory discharge claim was not like traditional workers' compensation claims wherein an injured employee is seeking a compensation award for his injury. *Id.*

The narrow issue presented here does not appear to have been addressed by the Ninth Circuit. While the doctrine of pendent jurisdiction would appear to justify removal of this action, 28 U.S.C. § 1445(c) explicitly prohibits removal of cases arising under state workers' compensation laws.

This court does not lightly consider asserting removal jurisdiction over a state law claim where Congress has expressly prohibited its removal. The Ninth Circuit has clearly stated that the removal statute is to be strictly construed against removal. *Ethridge v. Harbor House Restaurant,* 861 F.2d 1389, 1393 (9th Cir.1988); *Boggs v. Lewis,* 863 F.2d 662, 663 (9th Cir.1988);

*Salveson v. Western States Bankcard Ass'n,* 731 F.2d 1423, 1426 (9th Cir.1984). Hence, in light of Congress' intent to prevent removal of workers' compensation claims, and the Ninth Circuit's heretofore strict interpretation of the removal statutes, this court finds it inappropriate to sustain removal of plaintiff's action through the discretionary application of pendent jurisdiction under these circumstances.

Therefore, the court finds that removal of plaintiff's claim under HRS § 378–32(2) was improvident and it should be remanded.

Furthermore, in reviewing plaintiff's complaint, it appears that her state claims are predominant. Plaintiff asserts 20 claims arising out of state and federal law. Fourteen of her claims are based solely on state law.[5] Five of her claims are based on both federal and state law.[6] Plaintiff asserts only one claim based solely on federal law; that claim is for conspiracy pursuant to 42 U.S.C. § 1985.

The court finds that the policies underlying the exercise of pendent jurisdiction dictate remand of all of plaintiff's state claims in this case. In *Gibbs,* the United States Supreme Court stated as follows:

> Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.... if it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of

---

4. However, as pointed out by the district court in *Olivarez v. Utica Mutual Insurance Co.:*

    Had Congress intended to limit the application of § 1445(c) to diversity actions, it could have written the statute that way. The legislative history of § 1445(c) makes clear that the statute was not intended to be so limited. *See* S.Rep. No. 1830 in 1958 U.S.Code Cong. & Admin.News 3099, 3105, 3106 (congressional intent to stop the removal of worker's compensation cases which were increasing "the already overburdened docket of the Federal courts, the congestion in some of which is now almost deplorable"). (Citations omitted.) 710 F.Supp. 642, 643 (N.D.Tex.1989).

5. These claims include breach of contract, two claims for breach of implied contract, violation of Hawaii Equal Rights Amendment, age discrimination, sexual harassment, retaliatory discharge, interference with contractual relations, interference with prospective business relationship, malicious discharge, breach of covenant of good faith and fair dealing, defamation, and intentional and negligent infliction of emotional distress.

6. These claims include violation of plaintiff's procedural and substantive due process rights, violation of plaintiff's constitutional right to free speech, termination in violation of public policy and a claim for punitive damages.

the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals.

*Id.*

Since remand of plaintiff's non-removable retaliatory discharge claim is warranted, principles of judicial economy and comity support the remand of her other state law claims as well. These claims involve questions of state contract and employment law which are better left to the state court for resolution.

### 5. *The Federal Law Claims*

■ Having found that plaintiff's state law claims should be remanded, the court must next determine the appropriate forum for plaintiff's federal law claims.

Claims brought under 42 U.S.C. §§ 1983 and 1985 and the United States Constitution are within this court's original jurisdiction and removable pursuant to 28 U.S.C. §§ 1441(b), 1331, and 1343. *See Dorsey,* 858 F.2d at 341, *Harris v. Birmingham Bd. of Educ.,* 817 F.2d 1525 (11th Cir.1987). In the instant case, however, plaintiffs' civil rights claims were joined with a non-removable state claim.

The question the court must address is whether defendants' failure to properly remove the entire action under 28 U.S.C. § 1441(c) because the claims are not "separate and independent" requires remand of the entire action, including the federal law claims, to state court.

Other than the *Nabors* case, discussed above, the court has found no other courts which have addressed this particular situation where federal civil rights claims are joined with a non-removable claim arising under a state's workers' compensation laws.

A somewhat analogous situation arises, however, in the context of suits arising under the Jones Act which are also nonremovable pursuant to 28 U.S.C. § 1445. Courts have held that a Jones Act claim and a removable maintenance and cure claim are not "separate and independent" and therefore cannot be removed pursuant

to 28 U.S.C. § 1441(c). *Addison v. Gulf Coast Contracting Services, Inc.,* 744 F.2d 494 (5th Cir.1984), *Gonsalves v. Amoco Shipping Co.,* 733 F.2d 1020 (2nd Cir.1984). In both *Addison* and *Gonsalves,* the courts remanded. the entire case to state court addressing the propriety of removal without out addressing whether jurisdiction could be retained over the removable diversity claims.

The court does not find that remand of the entire case is necessary under the above authority. The instant case was removed on the basis of federal questions, thus it can be distinguished from the Jones Act cases which were removed on the basis of removable maintenance and cure claims which were within the court's diversity jurisdiction. 28 U.S.C. § 1445(c) was, in large part, enacted to keep workers' compensation cases from being removed to federal court based on the court's diversity jurisdiction. *See Thomas,* 583 F.Supp. at 1036; S.Rep. No. 1830, 85th Congress, 2d Sess. 7–8, *reprinted in* 1958 U.S.Code Cong. & Admin.News 3099, 3103–3106. Furthermore, this is not a case where 42 U.S.C. § 1983 claims are "traditionally joined" with retaliatory discharge claims, as the maintenance and cure claims were joined with the Jones Act claims. Plaintiff asserts federal civil rights claims which are not "separate and independent" for purposes of 28 U.S.C. § 1441(c); nonetheless they are questions which are properly before this court and may be determined apart from plaintiff's state law claims.

In addition, 28 U.S.C. § 1447(c) expressly provides that the court shall remand a case "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." While the court finds that defendants improvidently removed plaintiff's state law claims, the court does have subject matter jurisdiction over plaintiff's 42 U.S.C. §§ 1983 and 1985 claims and constitutional claims and is not authorized to remand such claims under the language of 28 U.S.C. § 1447(c). Accordingly, the court retains jurisdiction over plaintiff's federal causes of action.

### 6. *Abstention*

█ Finally, plaintiff urges this court to abstain from addressing the federal questions presented until the state court has ruled.

In *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 817, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976), the United States Supreme Court explained the doctrine of abstention as follows:

> Abstention from the exercise of federal jurisdiction is the exception, not the rule. "The doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it. Abdication of the obligation to decide cases can be justified under this doctrine only in the exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest." (Citations omitted.)

Plaintiff asserts that in the interests of judicial economy the court should stay the federal claims since resolution of the state claims may make the federal litigation moot. The court finds that this does not rise to the level of "exceptional circumstances" required to justify abstention. Plaintiff asserts no "countervailing interest" which would be served by this court's abstention. Therefore, the court does not find it appropriate or in the interest of justice to all parties to stay proceedings on the federal questions presented.

### III. CONCLUSION

For the reasons discussed above, the court finds that plaintiff's claim pursuant to HRS § 378–32(2) was improvidently removed and remands such claim, as well as all of plaintiff's state law claims to the Hawaii Circuit Court. The court, however, retains jurisdiction over plaintiff's federal causes of action and does not stay proceedings on such claims under the doctrine of abstention. Accordingly, plaintiff's motion to remand is GRANTED IN PART and DENIED IN PART as provided herein.

IT IS SO ORDERED.