Judith A. GLEICHAUF, et al., Plaintiffs,

v.

Leon H. GINSBERG, Commissioner,
et al., Defendants.

Civ. A. No. 3:94–0481.

United States District Court,
S.D. West Virginia,
Huntington Division.

Aug. 1, 1994.

---

230

J. Benjamin Dick, Charlottesville, VA, for plaintiffs.

Bryan R. Cokeley, Jan L. Fox, Steptoe & Johnson, Charleston, WV, for defendants.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending are Plaintiffs' motions to remand and re-seal this action and Defendants' motion for more definite statement. Defendants have responded to the motions to remand and re-seal, and Plaintiffs have replied. Plaintiffs have not responded to the motion for a more definite statement.[1] These matters are now ripe for adjudication.[2]

On April 13, 1994 Plaintiffs' filed their complaint in the Circuit Court of Cabell County, West Virginia. The complaint was served upon the Defendants on May 16, 1994. The complaint is framed in motion form and is headed as follows: *"PRAYER FOR EQUITABLE AND LEGAL RELIEF UNDER RULE 60 AND RULE 57 OF THE WEST VIRGINIA CRP AND BY INHERENT AND STATUTORY POWERS OF THIS COURT AND BY THE GRANT OF CONCURRENT JURISDICTION AS TO 42 U.S.C. [§] 1983[.]"* Attached to the "prayer for relief" is a document styled as a "draft complaint." The Court will treat the pleadings as a complaint. On June 16, 1994 Defendants removed the action to this Court pursuant to 28 U.S.C. §§ 1441 and 1446. Plaintiffs then moved to remand on June 28, 1994, asserting (1) because state courts have concurrent jurisdiction over § 1983 claims, the action is not removable for reasons of original jurisdiction, and (2) the Court should abstain from the proceeding.

I.

REMAND

A.

■ It is true West Virginia state courts exercise concurrent jurisdiction over § 1983 claims. As this Court recently noted:

"West Virginia, and indeed all other states, have permitted maintenance of § 1983

---

1. Rule 2.03 of the Rules of Practice and Procedure of the United States District Court for the Southern District of West Virginia provides that memoranda and other matters in opposition to a motion must be submitted to the appropriate parties within fourteen days from the date of service of the motion. More than one month has passed since the motion for a more definite statement was filed.

2. Plaintiffs request oral presentation of their motions to the Court. The Court denies that request. The pleadings are sufficient to adjudicate the present motions.

claims in state courts. Thus, the state courts clearly have concurrent jurisdiction over § 1983 claims. *Howlett v. Rose,* 496 U.S. 356, 378, n. 20, 110 S.Ct. 2430, 2444, n. 20, 110 L.Ed.2d 332, n. 20 (1990) ("Virtually every state has expressly or by implication opened its courts to § 1983 cases."); *Harrah v. Leverette,* 165 W.Va. 665, 682, 271 S.E.2d 322, 332 (1980) ("It is . . . clear that 42 U.S.C. § 1983 actions may be pursued in our state courts."). *See Syllabus* Point 2, *Mitchem v. Melton,* 167 W.Va. 21, 277 S.E.2d 895 (1981) ("An action based on 42 U.S.C. § 1983 can be maintained in our State courts to challenge prison conditions.")." *Scott v. Greiner,* 858 F.Supp. 607, 608 (S.D.W.Va.1994).

■■■ However, mere concurrent jurisdiction with the state courts is not enough to withstand removal on original jurisdiction grounds. Section 1441(a) of Title 28 U.S.C. allows for removal of cases where federal district courts have jurisdiction "except as otherwise *expressly* provided by Act of Congress." [3] (emphasis added). No Act of Congress expressly provides that § 1983 causes of action should be treated as nonremovable. The great majority of courts addressing whether § 1983 claims are removable have concluded original jurisdiction precludes remand despite the concurrent jurisdiction of state courts. *Dorsey v. Detroit,* 858 F.2d 338, 341 (6th Cir.1988) ("Section 1983 actions are not included among the nonremovable actions listed in 28 U.S.C. § 1445, and no other statute provides, expressly or otherwise, that § 1983 actions are nonremovable."); *Pace v. Hunt,* 847 F.Supp. 508, 509–10

(S.D.Miss.1994) ("[T]he removal statute would be eviscerated if actions such [as those arising under § 1983] were remanded simply because such courts have concurrent jurisdiction."); *Hummel v. Kamehameha Schools/Bernice Pauahi Bishop Estate,* 749 F.Supp. 1023, 1025 (D.Hawaii 1990) ("[C]laims under . . . the civil rights statutes which are within this court's original jurisdiction . . . are generally removable[.]"); *Aben v. Dallwig,* 665 F.Supp. 523, 524 (E.D.Mich. 1987) ("Nothing in the civil rights statute expressly prohibits removal."); *Spencer v. South Florida Water Management Dist.,* 657 F.Supp. 66, 67 (S.D.Fla.1986) ("[T]o allow the [Plaintiff] to remand the [civil rights] case and effectively overturn the Defendant's otherwise lawful removal to federal court would essentially render meaningless the federal removal statute, which contemplates the use of removal procedures when the district court can properly exercise original jurisdiction over the matter in dispute."); *California Republican Party v. Mercier,* 652 F.Supp. 928, 932 (C.D.Cal.1986); *Cook v. Robinson,* 612 F.Supp. 187, 189 n. 2 (E.D.Va.1985); *Routh v. City of Parkville, Mo.,* 580 F.Supp. 876, 877 (W.D.Mo.1984) ("[I]t stretches current statutory language past the breaking point to hold that the granting of concurrent jurisdiction expressly prohibits removal.").[4] *See* 14 Wright, Miller & Cooper, *Federal Practice & Procedure,* § 3729 at 495 (2nd ed. 1985). *See also Whitfield v. Federal Crop Ins. Corp.,* 557 F.2d 413 (4th Cir.1977) (where federal and state courts have concurrent jurisdiction, Congress must expressly provide for nonremovability to prevent removal).

---

**3.** Section 1441(a) of Title 28 states, in pertinent part:

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

District courts of the United States "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Section 1983 of Title 42, U.S.C., is a law of the United States; therefore, it is a civil action of which the district courts of the United States have original jurisdic-

tion unless "otherwise expressly provided by Act of Congress[.]"

**4.** *But see Salveson v. Western States Bankcard Assoc.,* 525 F.Supp. 566, 572 (N.D.Cal.1981), *aff'd in part, rev'd in part,* 731 F.2d 1423 (9th Cir.1984) ("[W]here Congress has provided for concurrent jurisdiction in state and federal courts, the claim may be asserted in either court and removal on the basis of federal question jurisdiction is precluded."); *Young v. Board of Ed. of Fremont Cty. School Dist., RE–3,* 416 F.Supp. 1139, 1142 (D.Col.1976) (federal forum need not exercise jurisdiction where state forum has equal responsibility for adjudicating federal rights).

This Court concludes it should follow the overwhelming majority view. Therefore, this case will not be remanded on the basis of the concurrent jurisdiction of the state courts over § 1983 actions. Plaintiffs' motion to remand on that basis is **DENIED.**

### B.

Plaintiffs also assert this Court should abstain from hearing this action and defer to the state courts because this is a "family law" matter. Plaintiffs cite to the leading cases on abstention, *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) and *Railroad Commission of Texas v. Pullman Co.,* 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941), to support their contention. This judge has noted that, "[a]bstention questions are decided with a balancing approach beginning with a presumption against abstention and requiring a clear justification before exercising discretion to abstain." *Hartshorn by Sade v. Heydinger,* 647 F.Supp. 73, 75 (S.D.W.Va.1986), *citing Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.,* 460 U.S. 1, 14–16, 103 S.Ct. 927, 936–37, 74 L.Ed.2d 765 (1983); *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 818–19, 96 S.Ct. 1236, 1246–47, 47 L.Ed.2d 483 (1976).

■ *Younger* abstention is appropriate "where there is a parallel state proceeding at the time the federal action is instituted." *Heydinger, supra* at 75. There is no parallel state proceeding to this action. The prior state court action involving the Plaintiffs was closed in 1992. The instant complaint appears to raise issues involving the conduct of state officials in the closed litigation, but this Court deems *Younger* abstention to apply only to (1) parallel issues and (2) active cases. The Plaintiffs complaint does not raise parallel issues, and the state court litigation is not active. *Younger* abstention is therefore inappropriate.

■ Abstention in the *Pullman* context is "appropriate where a case presents a federal constitutional issue which could be mooted or presented in a different posture by a determination of state law." *Heydinger, supra* at 75. Plaintiffs assert, "the entire legislative

system of family law c[o]me[s] into play and the construction of those state statutes and the administrative processes and any wrongs claimed as to their operation on this family are questions for a state court to decide[.]" Plaintiffs' reply memorandum at 5. The foregoing assertion is made baldly with no citation to any state law requiring determination in this case. Plaintiffs have not overcome the presumption against abstention, *Heydinger, supra* at 75, and their motion to remand on abstention grounds is **DENIED.**

### II.

### RE–SEALING THE FILE

■ Plaintiffs seek damages from the State of West Virginia for alleged wrongful acts committed by state officials. Plaintiffs are the *movants* in this action, yet they seek to have their claims resolved under seal, out of the public view. None of the Plaintiffs are of tender years nor do they now represent an infant. The Court believes issues of alleged governmental wrongdoing should be tried in public absent countervailing policy reasons of paramount importance; and this is especially true where damages are sought from the public coffers. Plaintiffs have an alternative to revealing the facts of their case—they need not have instituted this action. One who seeks damages payable from public monies, however, should not be permitted to hide the issues of their case behind the seal of this Court. Plaintiffs motion to re-seal this case is **DENIED.**

### III.

### RULE 12(e)

■ Defendants moved for a more definite statement under Rule 12(e) of the *Federal Rules of Civil Procedure.* Rule 12(e) states, in pertinent part:

> **"Motion for More Definite Statement.** If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired."

Defendants contend Plaintiffs complaint is defective because (1) the complaint does not clearly state the names of the defendants, (2) the paragraphs of the complaint relate more than one set of circumstances, transactions or occurrences, making response to the assertions therein difficult, and (3) the complaint does not state the specific acts of the specific defendants complained of, nor does it state the relevant time periods of the factual allegations or the specific rights of the plaintiffs violated.

Whether a motion for a more definite statement should be granted is a matter "generally left to the district court's discretion." *Hodgson v. Virginia Baptist Hosp., Inc.,* 482 F.2d 821, 824 (4th Cir.1973). The standard for determining whether to grant a Rule 12(e) motion "is whether it is reasonable to require defendants to respond to the ... complaint." *Gilbert v. Bagley,* 492 F.Supp. 714, 749 (M.D.N.C.1980). In *Robinette v. Griffith,* 483 F.Supp. 28, 36 (W.D.Va.1979), the Court stated:

"A motion for a more definite statement is ordinarily restricted to situations where a pleading suffers from unintelligibility rather than want of detail, and if requirements of the general rule as to pleadings are satisfied and the opposing party is fairly notified of the nature of the claim, such motion is inappropriate. *U.S. v. Board of Harbor Commissioners,* 73 F.R.D. 460 (D.Del.1977).... A motion for a more definite statement is to be granted if a pleading's vagueness prohibits defendant from filing a responsive pleading. *Feldman v. Pioneer Petroleum, Inc.,* 76 F.R.D. 83 (D.Okl.1977)."

*See Equal Opportunity Employment Commission v. General Electric Co.,* 370 F.Supp. 1258, 1259 (W.D.Va.1973) ("The motion for a more definite statement is restricted to pleadings so vague or ambiguous that the opposing party could not frame an appropriate response."); *Schultz v. Clay Transfer Co.,* 50 F.R.D. 480, 481 (E.D.N.C.1970) ("A complaint is sufficient to withstand a motion for a more definite statement if it gives notice sufficient to enable the parties to form a response. It is not to be used to assist in getting facts in preparation for trial as such;

other rules relating to discovery, interrogatories and the like exist for such purposes. *Mitchell v. E–Z Way Towers, Inc.,* 269 F.2d 126 (5th Cir.1959).").

The Court agrees with the Defendants' contentions. The pleading filed by the Plaintiffs is both vague and ambiguous. Apparently, Plaintiffs filed this complaint in the hope it would facilitate a settlement with the State of West Virginia. The document filed is, however, only a mere adumbration of a complaint. The Defendants cannot be expected to respond sufficiently to the Plaintiffs' disjointed allegations. Therefore, the Court **GRANTS** Defendants Rule 12(e) motion.

Plaintiffs must file an amended complaint clearly and coherently setting out the names of each defendant, the specific acts each specific defendant allegedly undertook and when they occurred, and the related rights of the Plaintiffs violated by each specific defendant. The complaint must comply with Rule 10 of the *Federal Rules of Civil Procedure,* and be framed in concise, numbered paragraphs. Plaintiffs are **ORDERED** to file the amended complaint within fifteen days of receipt of this Order. Defendants must then file their answer within twenty days from the date they are served with the amended complaint.

IV.

Based upon the foregoing, Plaintiffs' motions to remand and re-seal the file are **DENIED.** Defendants' motion for a more definite statement is **GRANTED.**